**DIVISION OF ARCHIVES, HISTORY AND RECORDS MANAGEMENT, DEPARTMENT OF STATE, Plaintiff-Appellee,**

v.

**William G. AUSTIN, Defendant-Appellant.**

No. 83–5729.

United States Court of Appeals, Eleventh Circuit.

March 28, 1984.

---

David Paul Horan, Key West, Fla., for defendant-appellant.

Eric J. Taylor, Asst. Atty. Gen., Dept. of Legal Affairs, Carol Joy Barice, Dept. of State, Tallahassee, Fla., for plaintiff-appellee.

Before FAY, VANCE and KRAVITCH, Circuit Judges.

BY THE COURT:

The plaintiff-appellee in this action, the Division of Archives of the State of Florida, originally filed this case in state court to determine ownership of a sunken vessel and to enjoin the defendant from excavating the vessel. The defendant-appellant filed a motion for removal to federal court and the appellee responded with a motion to remand for lack of federal jurisdiction. The district court granted the motion to remand, from which order the appellant appeals.

The appellee's main argument on appeal is that under 28 U.S.C. § 1447(d) this court is without jurisdiction to hear the appeal. Section 1447(d) provides:

> An order remanding a case to the state court from which it was removed is not reviewable on appeal or otherwise, except that an order remanding a case to the state court from which it was removed pursuant to § 1443 of this title shall be reviewable by appeal or otherwise.[1]

The Supreme Court in *Thermtron Products, Inc. v. Hermansdorfer*, 423 U.S. 336, 96 S.Ct. 584, 46 L.Ed.2d 542 (1976) held that § 1447(d) bars review of a remand order only if the district court's basis for remand was § 1447(c), which requires a remand if "it appears that the case was removed improvidently and without juris-

---

**1.** 28 U.S.C. § 1443 concerns civil rights cases and is not in issue here.

diction ...." 28 U.S.C. § 1447(c). *See also Gravitt v. Southwestern Bell Telephone Company*, 430 U.S. 723, 97 S.Ct. 1439, 52 L.Ed.2d 1 (1977). If the lower court acted on the basis of § 1447(c), review is barred "whether or not that order might be deemed erroneous by an appellate court." *Thermtron*, 96 S.Ct. at 593. This circuit has further held that review of a remand order is available under *Thermtron* only in a case where "a district judge stated openly that he was relying on a non-1447(c) ground for remand." *In re Merrimack Mutual Fire Insurance Company*, 587 F.2d 642 (5th Cir.1978).[2]

Here, the district court judge did not expressly state that he was remanding because of § 1447(c); nor, however, did he "state[ ] openly" that he was remanding on non-1447(c) grounds. On this basis alone, *Merrimack* apparently would bar our review of the remand order. We further note that the district court's opinion indicated that it ordered a remand because it believed removal jurisdiction was lacking due to the "saving to suitors" clause of 28 U.S.C. § 1333 and the Eleventh Amendment, both of which are jurisdictional in nature. *See* Wright & Miller, Federal Practice & Procedure § 3674 (discussion of effect of "saving to suitors" clause on removal jurisdiction); *Edelman v. Jordan*, 415 U.S. 651, 94 S.Ct. 1347, 1363, 39 L.Ed.2d 662 (1974) (Eleventh Amendment "partakes of the nature of a jurisdictional bar"). The district court's grounds for remand thus appear to have been within section 1447(c)'s purview.

Because we are barred by 28 U.S.C. § 1447(d) from reviewing the district court's order, the appeal is DISMISSED.

---

**2.** The Eleventh Circuit, in the en banc decision *Bonner v. City of Prichard,* 661 F.2d 1206, 1209 (11th Cir.1981), adopted as precedent decisions of the former Fifth Circuit rendered prior to October 1, 1981.