United States Court of Appeals,

Eleventh Circuit.

Nos. 96-6615, 96-6711.

Jeanette E. NEW, Plaintiff-Appellee,

v.

SPORTS & RECREATION, INC., Defendant-Appellant.

In re SPORTS & RECREATION, INC., Petitioner.

May 30, 1997.

Appeal from the United States District Court for the Southern District of Alabama. (No. 95-0939-P-M), Virgil Pittman, Judge.

On Petition for Writ of Mandamus.

Before HATCHETT, Chief Judge, TJOFLAT, Circuit Judge, and CLARK, Senior Circuit Judge.

HATCHETT, Chief Judge:

We decline to review the district court's remand order for lack of jurisdiction pursuant to 28 U.S.C. § 1447(d).

FACTS AND PROCEDURAL HISTORY

Appellant Sports & Recreation, Inc. (S & R) employed appellee Jeanette New as a department manager. On May 26, 1995, New allegedly sustained injuries during the performance of her employment. S & R granted New a leave of absence pursuant to its medical leave plan. During her leave, New instituted an action against S & R to recover workers' compensation benefits. S & R's benefits administrator provided written notification to New that her leave of absence would expire on September 6, 1995. The administrator advised New that New's failure to report to work on or before September 7, 1995, would result in her voluntary resignation from the company. New did not return to work as of that date, and S & R terminated her employment.

On September 27, 1995, New filed an action against S & R in the Circuit Court of Mobile County, Alabama. Her complaint contained three counts. Count I sought workers' compensation benefits, which New claimed S & R had not paid. In Count II, New claimed that S & R had wrongfully discharged her as punishment for her attempt to recover workers' compensation benefits.

Counts I and II named S & R as the sole defendant. Count III asserted a claim for disability benefits and/or medical expenses against fictitious defendants A, B and C, incorporating several allegations contained in Count I and realleged in Count II. The complaint described these fictitious defendants as "those persons, corporations or other legal entities who or which employed Plaintiff on the occasion of Plaintiff's injury...." Thus, S & R remained the only named defendant in the complaint.

On November 22, 1995, S & R removed this suit to the United States District Court for the Southern District of Alabama. S & R claimed four grounds for removal: (1) federal question jurisdiction over Count II pursuant to preemption by the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. § 1001 *et seq.;* (2) federal question jurisdiction over Count III based on ERISA preemption; (3) supplemental jurisdiction over Counts I and II as removable with Count III under 28 U.S.C. § 1441(c); and (4) federal diversity jurisdiction pursuant to 28 U.S.C. § 1332. In response, on December 21, 1995, New filed a timely motion to remand the action to state court.[1]

On May 13, 1996, the district court granted New's motion to remand this case to the Circuit Court of Mobile County for further proceedings. The district court granted New's request to strike fictitious parties A, B and C from the complaint and refused to consider Count III of the complaint in analyzing New's remand motion because Count III did not specifically assert a claim against S & R. The district court then held that 28 U.S.C. § 1445(c) barred removal of the case because Counts I and II of the complaint arose under the provisions of the Alabama Workers' Compensation Act, Ala.Code § 25-5-1 *et seq.* (1975).[2] S & R filed a notice of appeal and, subsequently, a petition for writ of mandamus.[3] This court consolidated the appeal and the petition for writ of mandamus

---

[1] In her reply brief on the motion to remand, New requested that the district court strike Count III from the complaint. New conceded that fictitious party practice is not permitted in federal court and, thus, her failure to name the parties required that the court strike the parties and, therefore, Count III. New implied in this request that she had not named S & R as a defendant in Count III.

[2] Section 1445(c) reads: "A civil action in any State court arising under the workmen's compensation laws of such State may not be removed to any district court of the United States." 28 U.S.C. § 1445(c) (1994).

[3] A writ of mandamus is the proper means by which a party may challenge a remand order. *See Thermtron Products, Inc. v. Hermansdorfer,* 423 U.S. 336, 352-53, 96 S.Ct. 584, 593-94, 46 L.Ed.2d 542 (1976); *Loftin v. Rush,* 767 F.2d 800, 802 n. 3 (11th Cir.1985).

for this proceeding.

CONTENTIONS

S & R contends that the district court erred in remanding this action to the state court. S & R argues that this court has jurisdiction to hear this mandamus petition contesting the order of remand because the district court based its decision to remand on grounds other than 28 U.S.C. § 1447(c). S & R asserts that the district court addressed only section 1445(c), and not section 1447(c), in determining that Counts I and II arose under the Alabama workers' compensation laws and thus were more appropriately heard in state court. In addition, the district court's refusal to consider Count III of the complaint constitutes a secondary, non-section 1447(c) reason for the remand decision. S & R argues that section 1447(d) only precludes appellate review of remand orders invoking section 1447(c), pursuant to the holding in *Thermtron Products, Inc. v. Hermansdorfer,* 423 U.S. 336, 96 S.Ct. 584, 46 L.Ed.2d 542 (1976). S & R contends that the district court's failure to specifically address section 1447(c) gives this court appellate jurisdiction under the *Thermtron* court's reading of the general prohibition against review of remand orders found in section 1447(d).[4]

New contends that this court has no jurisdiction to review a remand order premised on a lack of subject matter jurisdiction or a timely motion for remand asserting procedural defects in removal. New argues that she moved for remand pursuant to grounds authorized by section 1447(c) and the district court based its decision to remand this action on lack of jurisdiction, even if the order referred only to section 1445(c). New asserts that *Thermtron* is therefore not applicable to these facts, and this court thus has no power of review even if it finds the district court decision erroneous. *See Thermtron,* 423 U.S. at 343, 96 S.Ct. at 589.

ISSUE

In this appeal, we address whether 28 U.S.C. § 1447(d) precludes appellate review of a remand order granted pursuant to 28 U.S.C. § 1445(c).

---

[4]S & R also raises several substantive challenges to the district court's remand order. Because we hold that this court lacks jurisdiction over this proceeding, however, we cannot adjudicate those issues and do not address them.

DISCUSSION

The only issue resolved in this opinion is whether this court is empowered with jurisdiction over this proceeding. We are convinced that 28 U.S.C. § 1447(d) precludes us from reviewing this remand order and, therefore, we decline to grant S & R's petition for writ of mandamus and dismiss this consolidated appeal.

Congressional mandate and case law from the Supreme Court as well as this circuit severely circumscribe this court's ability to review the district court's remand order. A district court "order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise," except in cases brought under the civil rights statutes. 28 U.S.C. § 1447(d) (1994). This statute imposes "broad restrictions on the power of federal appellate courts to review district court orders remanding removed cases to state court." *Things Remembered, Inc. v. Petrarca,* --- U.S. ----, ----, 116 S.Ct. 494, 496, 133 L.Ed.2d 461 (1995). The language of this statute appears to bar most remand orders from appellate review.

The Supreme Court curtailed this strict rule, however, in *Thermtron,* when it held that "only remand orders issued under § 1447(c) and invoking the grounds specified therein ... are immune from review under section 1447(d)." 423 U.S. at 346, 96 S.Ct. at 590. Section 1447(c) requires the district court to remand any case to the state court if "it appears that the district court lacks subject matter jurisdiction" over the claim. 28 U.S.C. § 1447(c) (1994). "[Section] 1447(d) must be read *in pari materia* with § 1447(c), so that only remands based on grounds specified in § 1447(c) are immune from review under § 1447(d)." *Petrarca,* --- U.S. at ----, 116 S.Ct. at 497.[5] Therefore, this

---

[5] Remand based on a timely raised challenge to a procedural defect is also precluded from this court's review. At the time the Supreme Court decided *Thermtron,* section 1447(c) read as follows: "If at any time before final judgment it appears that the case was removed improvidently and without jurisdiction, the district court shall remand the case...." The 1988 amendments to subsection (c) eliminated the improvident removal language from this sentence but substituted an antecedent sentence: "A motion to remand the case on the basis of any defect in removal procedure must be made within 30 days after the filing of the notice of removal under section 1446(a)." Interpreting section 1447(c) in its entirety, the Supreme Court stated in *Petrarca* that no appellate jurisdiction exists "[a]s long as a district court's remand is based on a timely raised defect in removal procedure *or* on a lack of subject-matter jurisdiction...." --- U.S. at ----, 116 S.Ct. at 497 (emphasis added).

Effective October 1, 1996, Congress amended section 1447(c) again, altering the

court is only empowered to review a petition for writ of mandamus where the district court remanded the proceeding on "grounds not authorized by the removal statutes." *Thermtron,* 423 U.S. at 353, 96 S.Ct. at 594. Cases remanded for lack of jurisdiction are immune from review even if the district court's decision is clearly erroneous. *In re Decorator Indus., Inc.,* 980 F.2d 1371, 1374 (11th Cir.1992).

This court then broadly read the *Thermtron* holding, finding that a district court does not have to expressly state its reliance on section 1447(c) to preclude appellate review. *See Fowler v. Safeco Ins. Co.,* 915 F.2d 616, 617 n. 3 (11th Cir.1990); *Division of Archives, History & Records Management v. Austin,* 729 F.2d 1292, 1293 (11th Cir.1984). Rather, a district court must openly state its reliance on grounds other than those contained in section 1447(c) to permit review of the remand order. *Division of Archives,* 729 F.2d at 1293. Appellate review is therefore prohibited if the district court remands pursuant to a determination that it lacks jurisdiction to hear the claim. *See In re Surinam Airways Holding Co.,* 974 F.2d 1255, 1257 n. 4 (11th Cir.1992).

The district court order at issue in this writ petition focused on a jurisdictional defect. The district court stated that New's motion for remand constituted "a jurisdictional question, so the only consideration involved is whether this court has been granted jurisdiction of the case." The court found that removal had been improperly granted because Counts I and II of New's claim arose under the Alabama workers' compensation statutes.[6] The district court held that section 1445(c) renders

---

first sentence to read: "A motion to remand the case on the basis of any defect *other than lack of subject matter jurisdiction* must be made within 30 days...." United States District Court: Removal Procedure, Pub.L. No. 104-219, 110 Stat. 3022 (1996). This amendment does not appear to affect the holding in *Petrarca.* Nor does it impact our analysis in the case at issue because we hold herein that section 1445(c) is a jurisdictional-based limitation on the district court's removal power.

[6]The most contested substantive issue in this proceeding is the district court's determination that New's retaliatory discharge claim arose under Alabama's workers' compensation statutes. Recognizing the divergence of views on this issue within the federal district courts of Alabama, the district court held that an action for retaliatory discharge brought pursuant to Alabama Code § 25-5-11.1 "arises under" the Alabama workers' compensation statutes for purposes of 28 U.S.C. § 1445(c). In so holding, the court declined to follow the reasoning of the Supreme Court of Alabama in *Jackson County Hosp. v. Alabama Hosp. Ass'n Trust,* 619 So.2d 1369 (Ala.1993). To see the different holdings on this issue, compare *Lackey v. Gateway Homes, Inc.,* 944 F.Supp. 870 (N.D.Ala.1996); *Subra v. CMS Therapies, Inc.,* 900 F.Supp. 407 (M.D.Ala.1995); and *Pettaway v. Wayne Poultry Co.,* 791 F.Supp. 290 (M.D.Ala.1992) (holding that section 25-5-

civil actions brought pursuant to workers' compensation statutes non-removable. Moreover, the court held that section 1445(c) precludes federal courts from exercising jurisdiction over claims arising under workers' compensation laws.

"[A] failure to cite 1447(c), or mention its buzzwords, does not *per se* give us license to review a remand order." *Loftin v. Rush,* 767 F.2d 800, 802 (11th Cir.1985); *see also Division of Archives,* 729 F.2d at 1293. This court's decision in *Division of Archives* relaxed the *Thermtron* holding and rejected any requirement that the district court use "magic words" in order to preclude appellate review. To the contrary, the opinion in *Division of Archives* carefully examined the grounds for remand to determine whether the district court based its determination on a lack of subject matter jurisdiction. *Division of Archives,* 729 F.2d at 1293.

The district court invoked section 1447(c) grounds as the basis for its decision and thus satisfied this court's reading of *Thermtron.* While the district court failed to specify that it remanded the case pursuant to section 1447(c), and only referred to section 1445(c) in its order, the court premised its order on a deficiency in federal jurisdiction. *See Thermtron,* 423 U.S. at 346, 96 S.Ct. at 590-91; *see also In re Surinam,* 974 F.2d at 1257. Under *Thermtron,* remand orders which invoke the jurisdictional grounds contained in section 1447(c) are immune from review pursuant to section 1447(d). *Thermtron,* 423 U.S. at 343, 96 S.Ct. at 589. Section 1445(c) is a jurisdictional-based limitation on the district court's removal power and, thus, constitutes a ground for removal enumerated in section 1447(c).[7]

S & R's argument that the district court's refusal to consider Count III permits appellate

_____

11.1 retaliatory discharge claims are non-removable) with *Moreland v. Gold Kist, Inc.,* 908 F.Supp. 898 (N.D.Ala.1995) (following *Jackson County* and allowing removal of such claims). While we acknowledge this split of authority, section 1447(d) prohibits our further review of this issue.

[7]We note that, although this circuit has not so held, the Fifth Circuit has determined that a remand pursuant to section 1445(c) is based on a procedural defect rather than a lack of subject matter jurisdiction. *See Williams v. AC Spark Plugs,* 985 F.2d 783, 786 (5th Cir.1993). To the extent that section 1445(c) can be considered a procedural limitation, a remand order issued pursuant to a timely motion asserting a defect in removal procedure is precluded from appellate review. *Petrarca,* --- U.S. at ----, 116 S.Ct. at 497; *In re Ocean Marine Mut. Protection & Indem. Ass'n,* 3 F.3d 353, 356 (11th Cir.1993). S & R does not contest that New filed her motion for remand within the thirty-day statutory period required by section 1447(c).

review as a non-section 1447(c) basis lacks merit for two reasons. First, we reject the argument that the district court's refusal to consider Count III constitutes a "basis" for the remand order; thus, *Thermtron* is inapplicable. Second, assuming that the court's refusal is reviewable, we find no error in the court's decision to strike both the fictitious parties and Count III from the complaint.

CONCLUSION

The petition for writ of mandamus is denied for lack of subject matter jurisdiction pursuant to 28 U.S.C. § 1447(d), and this consolidated action is dismissed.

DISMISSED.