Aisha F. MUHAMMAD, Plaintiff,

v.

**CITY OF TUSKEGEE, et al., Defendants.**

No. Civ.A. 99–D–22–E.

United States District Court, M.D. Alabama, Northern Division.

Oct. 19, 1999.

Fred D. Gray, Jr., Tuskegee, AL, for plaintiff.

Milton C. Davis, Tuskegee, AL, C. Winston Sheehan, Jr., Montgomery, AL, for defendants.

## *MEMORANDUM OPINION AND ORDER*

DE MENT, District Judge.

Before the court is Plaintiff's Motion To Remand And Memorandum Brief ("Motion"), filed on February 8, 1999. On February 18, 1999, Defendant Willie L. Brooks ("Brooks") filed his Response To Plaintiff's Motion To Remand And Memorandum Brief ("Response"). After a thorough review of the arguments of counsel, the relevant law, and the record as a whole, the court finds that Plaintiff's Motion To Remand is due to be granted in part and denied in part.

## FACTUAL AND PROCEDURAL BACKGROUND

On August 24, 1997, Plaintiff was allegedly "detained against her will" by Defendant Brooks, a police officer for the City of Tuskegee, Alabama. (Compl. at ¶ 12.) Plaintiff alleges that after detaining her, Defendant Brooks "unlawfully and without her consent, touched [P]laintiff's private areas of her body." (*Id.*)

On December 7, 1998, Plaintiff, an Alabama resident, filed a ten-count Complaint in the Circuit Court of Macon County, Alabama. In her Complaint, Plaintiff alleges the following claims against Defendants, who are all Alabama residents: [1] (Count I) "[P]laintiff was injured due to the neglect, carelessness or unskillfulness of [D]efendant Brooks ... while engaged in work for [Defendant] City of Tuskegee [and Defendant] Chief [Michael] Ricks, ... and while acting in the line of his duty;" (Count II) "Defendant Willie L. Brooks, ... while engaged in work for [D]efendant City of Tuskegee, and while acting in the line of his duty as an employee of said [D]efendant, engaged in acts and omissions of neglect, carelessness and unskillfulness causing injury to the [P]laintiff for which said [D]efendant is individually liable and liable in the capacity as an employee of [D]efendant City of Tuskegee;" (Count III) "Defendant Willie L. Brooks ... engaged in negligent acts against the [P]laintiff;" (Count IV) "Defendants City of Tuskegee and its Chief of Police Michael Ricks negligently hired [D]efendant Brooks;" (Count V) "The City of Tuskegee and Chief Ricks failed to recommend and adopt policies that would prevent and lessen the likelihood of acts of neglect, carelessness and unskillfulness

---

1. In her Complaint, Plaintiff brings claims against fictitious party Defendants. (Compl. at ¶¶ 5–8.) The court, however, will not address said claims because there is no provision for fictitious party pleading under federal law. *See New v. Sports & Recreation, Inc.,* 114 F.3d 1092, 1094 n. 1 (11th Cir.1997).

such as those engaged in by [D]efendant Brooks;" (Count VI) "As a direct and proximate result of the said acts of [D]efendant Brooks, the [P]laintiff suffered" various violations "of her constitutional rights under the Fourth and Fourteenth Amendments to the United States Constitution ...;" (Count VII) "Plaintiff claims damages for the injuries set forth in Count VI above under 42 U.S.C. § 1983 against [D]efendant Brooks for violation of her constitutional rights under color of law;" (Count VIII) "Defendant Brooks assaulted and battered [P]laintiff ...;" (Count IX) "Due to the negligent, inadequate hiring and training practices and failure to adequately compensate patrol officers and other officers, [D]efendant City of Tuskegee negligently wantonly or recklessly endangered the safety of the [P]laintiff ...;" and (Count X) "Defendant Brooks' conduct and actions with respect to [P]laintiff were intentional or reckless" and "resulted in emotional distress and other injuries to [P]laintiff." [2]

On January 7, 1999, Defendant City of Tuskegee and Defendant Michael Ricks timely filed a Notice of Removal ("Removal Not.") pursuant to 28 U.S.C. § 1441(b), thereby removing the case to this court. Defendant Brooks subsequently filed his Consent To Removal on February 8, 1999. In support of removal, Defendants assert that Plaintiff's § 1983 claim presents a federal question that is not "separate and independent from her state claims," thereby enabling this court to exercise subject matter jurisdiction over the entire action pursuant to 28 U.S.C. § 1331. Plaintiff counters by stating that "[i]t is well settled in Federal law and Alabama State law that a Section 1983 action can be initiated and tried in the state courts of Alabama." (Mot. at 2.) Accordingly, Plaintiff requests

that this court "enter an Order remanding the entire case to the Circuit Court of Macon County, Alabama, or in the alternative, enter an Order remanding all matters in this case in which State law predominates to said State Court." (*Id.* at 3–4.)

## DISCUSSION

Defendants removed this case pursuant to § 1441(b), which allows the removal of actions over "which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States." 28 U.S.C. § 1441(b). Without doubt, this court would have had original jurisdiction over Plaintiff's § 1983 claim if it had initially been filed here because this claim arises under federal law. *See* 42 U.S.C. § 1983. However, the remaining claims contained in Plaintiff's Complaint are based completely upon Alabama state law. Because diversity of citizenship is lacking in this case, the court could not have exercised original jurisdiction over these state law claims had they initially been filed here. Therefore, the court finds that Plaintiff's state law claims are not removable under § 1441(b).

In order to properly remove otherwise non-removable state law claims to federal court, "the removing party must demonstrate that the 'otherwise non-removable claims or causes of action' [are] 'separate and independent' from the federal claim." *Reneau v. Oakwood Mobile Homes*, 952 F.Supp. 724, 728 (N.D.Ala. 1997) (quoting 28 U.S.C. § 1441(c)). The court notes and Defendants readily admit that "[e]ach Count in the Plaintiff's Complaint, whether based on state law or federal constitutional law, is based on allegations by the Plaintiff of a confrontation

---

**2.** Although Plaintiff has amended her Complaint subsequent to the removal of this action, the court will not consider these amendments in resolving the instant Motion because "the propriety of removal should be considered based upon the pleadings as of the date of removal." *Howard Griggs Trucking, Inc. v. American Ins. Co.*, 894 F.Supp. 1503, 1507

(M.D.Ala.1995) (citing *Cabalceta v. Standard Fruit Co.*, 883 F.2d 1553, 1561 (11th Cir. 1989)); *see also Bailey v. Wal–Mart Stores*, 981 F.Supp. 1415, 1416 (N.D.Ala.1997) (holding that the right to remove should be determined as of the date of removal in both diversity and federal question cases).

between her and Defendant Willie Brooks on or about August 24, 1997." (Resp. at 3.) In other words, Plaintiff's federal and state causes of action arose out of one isolated event that allegedly occurred on August 24, 1997. The Eleventh Circuit recently held that "[w]here both federal and state causes of actions are asserted as a result of a single wrong based on a common event or transaction, no separate and independent federal claim exists under 1441(c)." *In re City of Mobile,* 75 F.3d 605, 608 (11th Cir.1996). Accordingly, the court finds that Plaintiff's state law claims are not separate and independent from her federal claim and, thus, the state law claims are not removable under § 1441(c). Based on the foregoing, the court finds that Plaintiff's state law claims were improperly removed from the Circuit Court of Macon County, Alabama.

■ However, the analysis does not end here due to the following language found in 28 U.S.C. § 1367(a):

[I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

Therefore, the remaining issue for the court to decide is whether the exercise of supplemental jurisdiction over Plaintiff's state law claims is appropriate under § 1367, given the fact that these claims are not otherwise removable under § 1441.

This precise issue recently arose in the case of *Reneau v. Oakwood Mobile Homes.* 952 F.Supp. 724, 728 (N.D.Ala.1997). In *Reneau,* the court stated that "[t]he right of a district court pursuant to 28 U.S.C. § 1367(a) to assume supplemental jurisdiction over a state claim, if that claim is not 'separate and independent' of an otherwise removable claim, only applies to cases originally filed in the district court and not to cases removed to the district court." *Id.* If, however, "§ 1367(a) should some-

how be construed to allow all tag-along supplementary state claims to be removed, rather than only to be filed originally in the district court, then § 1367(c)(2) makes easy the remand of ... [state law claims that] predominate over the claim or claims over which the district court has original jurisdiction." *Id.* The court has already determined that Plaintiff's state law claims are not separate and independent from Plaintiff's federal claim. Further, it is undisputed that Plaintiff's state law claims predominate over her lone federal claim of which the court has original jurisdiction. Therefore, following the rationale set forth in *Reneau,* the court declines to exercise supplemental jurisdiction over Plaintiff's state law claims. Accordingly, the court finds that each of Plaintiff's state law claims are due to be remanded to the Circuit Court of Macon County, Alabama, and the court will retain jurisdiction only over Plaintiff's § 1983 claim.

### *ORDER*

Accordingly, it is CONSIDERED and ORDERED that Plaintiff's Motion To Remand be and the same is hereby DENIED IN PART and GRANTED IN PART as follows:

1. The court will retain jurisdiction over Counts IV and V of Plaintiff's Complaint, which are consolidated in Count VI of Plaintiff's Amended Complaint.

2. Pursuant to 28 U.S.C. § 1447(c), all other Counts found in Plaintiff's Complaint and Amended Complaint are hereby REMANDED to the Circuit Court of Macon County, Alabama, from whence they were removed.

The clerk is DIRECTED to take all steps necessary to effect said remand.