Brady **HALES**, Plaintiff,

v.

**CITY OF MONTGOMERY**, Defendant.

Civil Action No. 03–M–593–N.

United States District Court,
M.D. Alabama,
Northern Division.

March 31, 2004.

---

James McCauley Smith, Aimee C. Smith, Montgomery, AL, for Plaintiff.

Kimberly O. Fehl, Montgomery, AL, for Defendant.

## MEMORANDUM OPINION

McPHERSON, United States Magistrate Judge.

On 2 June, 2003, Brady Hales ["Hales"] filed this civil lawsuit pursuant to 42 U.S.C. § 1983 ["Section 1983"][1] and the

___

1. Section 1983 provides

Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or

Fourth and Fourteenth Amendments to the United States Constitution (Doc. # 1, Complaint). The only defendant named in his complaint is the City of Montgomery ["the City"]. However, he has also named certain fictitious defendants that he believes to be "employees, agents, or representatives of the City of Montgomery" (Doc. # 1, p. 3), suing them in their individual and official capacities.

This case is presently before the court on the City's Motion for Summary Judgment (Doc. # 11) and Motion to Strike, or in the Alternative, Motion for Extension of Time to File Defendant's Reply Brief (Doc. # 17), filed on 13 January 2004 and 13 February 2004, respectively. Hales alleges that his civil rights were violated when he was unlawfully seized and beaten by members of the City of Montgomery Police Department (Doc. # 1, Complaint). The parties consented to disposition of this case by a Magistrate Judge on 18 August 2003 (Doc. # s 6 and 7). For the reasons set forth herein, the defendant's Motion for Summary Judgment (Doc. # 11) is GRANTED, and the defendant's Motion to Strike, or in the Alternative, Motion for Extension of Time to File Defendant's Reply Brief (Doc. # 17) is DENIED as moot.

# I. FACTS AND PROCEDURAL HISTORY

The Family Dollar Store at 2807 Lower Wetumpka Road was robbed on 3 June 2001 by an individual other than Hales (Doc. # 16, p. 1). Sandra Stewart ["Stewart"], manager of the store, called the Police Department. She initially described the assailant as a black man, wearing a brown shirt and black jogging pants (Doc. # 16, Exhibit 1, p. 3). Later, in the same call, she explained that the assailant had an "afro ... blk shirt [black] man full head of hair like an afro ... ful[l] eyebrows small eyes black shirt green jeans [black] and [white] sneakers very thin build" (Doc. # 16, Exhibit 1, p. 3).

Shortly thereafter and in response to the call, Hales was apprehended. By his own account, he "was wearing a white t-shirt, blue jeans, white tennis shoes and an Alabama cap" at the time (Doc. # 16, p. 2). Once accosted, Hales was severely beaten by officers in the police department and thereafter, transported to Family Dollar for identification. Stewart informed the police that Hales did not rob the store (Doc. # 16, Plaintiff's Exhibit 2, pp. 17–18).[2] Hales was immediately released from police custody. He was admitted to the Baptist Hospital later that day for

other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable ...

2. We sat around and sat around, and finally they brought this guy back and he told me to stand in the door and identify him. When I came to the door, I said, y'all got the wrong man. I said, we told you an Afro. This man

has a bald head. Plus, he had on blue jeans and like he had a white T-shirt on. We also told him that the suspect had black tennis shoes. And the man was saying, I didn't do anything.

And so I turned and asked the police—I said, are you-all color blind. I told you green jeans and black shirt, and you've got a man with blue jeans and a white T-shirt and he's bald headed. You know that was the thing that surprised me. He was bald headed.

So they came in and they called the assistant manager and the other cashier to identify, but everybody in the store hollered, you've got the wrong man.

Deposition of Saundra Stewart, pp. 17–18.

treatment of a concussion, abrasions, and bruised limbs (Doc. # 16, Plaintiff's Exhibit 4).

Hales broadly alleges several civil rights claims and avers the following:

1. He was illegally seized and without cause or justification in violation of 42 U.S.C. § 1983 and the Fourth Amendment (Doc. # 1, p. 4);

2. "[T]he conduct of the City by and through its employees of the Montgomery Police Department was so offensive to human decency that it violated the Plaintiff's substantive and procedural due process rights as guaranteed in the Fourteenth Amendment of the United States Constitution" (Doc. # 1, pp. 4–5);

3. "[T]he Defendants by and through its employees, agents, or representatives, the Montgomery Police Department, while acting in the line of duty were so negligent, careless, and unskillful in its conduct that the plaintiff was injured" (Doc. # 1, p. 5);

4. "[T]he conduct of the Defendant by and through its employees in the Montgomery Police Department, while acting in the line of duty, committed such reckless, wanton, negligent, careless or unskillful conduct in the investigation of the armed robbery of the Family Dollar Store that as the result thereof the Plaintiff was injured" (Doc. # 1, pp. 5–6);

5. The Police Department was "so grossly negligent that such conduct caused personal injuries to the Plaintiff" (Doc. # 1, p. 6); and

6. The Police Department's "negligent, wanton, and reckless conduct was beyond the pale of human decency and as a result thereof cause the Plaintiff to suffer severe emotional distress (Doc. # 1, p. 7)."

As relief in this case, Hales asks the court for (1) an award of compensatory damages "in the amount of $100,000.00" and (2) [s]hould fictitious Defendants A–J be deemed to be acting beyond or outside their scope of employment ... [,] such compensatory and punitive damages as may be awarded by a jury" (Doc. # 1, pp. 5–7).

In response, the defendant asserts that (1) there is no fictitious party practice in federal court; (2) a municipality may not be held vicariously liable under the doctrine of *respondeat superior* for a 42 U.S.C. § 1983 claim unless injury was caused by "an action pursuant to official policy of some nature [and] caused a constitutional tort" (Doc. # 12, p. 5); (3) the City is immune from liability for the alleged negligent acts of its police officers, and as well, all intentional torts (Doc. # 12, pp. 8–10); and (4) the federal court should not entertain any of the remaining state law claims (Doc. # 12, p. 10).

The Motion for Summary Judgment is granted on three grounds. First, there is no fictitious party practice pursuant to the Federal Rules of Civil Procedure. Second, absent the showing of an official policy endorsing or facilitating the injury caused to Hales, the City of Montgomery may not be held vicariously liable for the alleged actions of its employees under the doctrine of *respondeat superior*. Third, pursuant to 28 U.S.C. § 1367, in the absence of viable federal claims, the state law claims are also due to be dismissed.

## II. STANDARD OF REVIEW

■ Summary judgment can be entered on a claim only if it is shown "that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law". **Fed. R.Civ.P. 56(c).** On a motion for summary judgment, the court is to construe the evidence and factual inferences arising

therefrom in the light most favorable to the nonmoving party.[3] *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970); *Mize v. Jefferson City Bd. of Educ.*, 93 F.3d 739, 742 (11th Cir.1996).

■ In responding to a motion for summary judgment,

The nonmoving party need not present evidence in a form necessary for admission at trial; however, he may not merely rest on his pleadings. *Celotex*, 477 U.S. at 324, 106 S.Ct. 2548, 91 L.Ed.2d 265. "[T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Id.* at 322, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265.

*Graham v. State Farm Mut. Ins. Co.*, 193 F.3d 1274, 1282 (11th Cir.1999) (citing *Celotex Corp. v. Catrett*, 477 U.S. at 322–23, 106 S.Ct. 2548). Thus, consideration of a summary judgment motion does not lessen the burden on the nonmoving party, i.e.,

the nonmoving party still bears the burden of coming forth with sufficient evidence on each element that must be proved.[4] *Earley v. Champion Intern. Corp.*, 907 F.2d 1077, 1080 (11th Cir.1990); see *Celotex*, 477 U.S. at 322–23, 106 S.Ct. 2548.

■ When a defendant files a motion for summary judgment against a *pro se* plaintiff, such as in the instant matter, the *pro se* plaintiff should not be held "to strict accountability of compliance with the rules of procedure." *Holifield v. Reno*, 115 F.3d 1555, 1561 (11th Cir.1997). *See Hughes v. Rowe*, 449 U.S. 5, 9, 101 S.Ct. 173, 66 L.Ed.2d 163 (1980). Furthermore, the plaintiff's complaint should be construed more leniently than formal pleadings drafted by attorneys. *Id.* Notwithstanding a more liberal construction, however, the *pro se* plaintiff's complaint must meet the minimum requirements of presenting a viable claim.

## III. DISCUSSION

### A. Claims Against the City Pursuant to the Doctrine of Respondeat Superior

Hales asserts claims against the City pursuant to the doctrine of *respondeat su-*

---

**3.** The Supreme Court explained that:

[T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be "no genuine issue as to any material fact," since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial.

*Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986) (citations omitted).

**4.** "[I]f on any part of the prima facie case there would be insufficient evidence to re-

quire submission of the case to a jury, ... [the court must] grant of summary judgment [for the defendant]." *Earley*, 907 F.2d at 1080 (citations omitted). In *Earley*, the Court of Appeals further emphasized:

"The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Anderson*, 477 U.S. at 252, 106 S.Ct. at 2512.

\* \* \* \* \* \*

If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249–50, 106 S.Ct. at 2511 (citations omitted) (emphasis added); *accord Hudson v. Southern Ductile Casting Corp.*, 849 F.2d 1372, 1376 (11th Cir.1988).

*Earley*, 907 F.2d at 1080–81.

*perior.* Indeed, the sum total of Hale's allegations in his complaint, both federal law and state law against the City revolve around the following contentions:

> The officers of the Montgomery Police Department beat him to the point of suffering a concussion, bruises and abrasions around his body ... As a consequence of the conduct of the officers of the Montgomery Police Department, the Plaintiff was admitted for treatment at Jackson Hospital for 9 days, thereafter ... The Plaintiff avers that fictitious Defendants A–J are those employees, agents, or representatives of the City of Montgomery which [sic] violated Plaintiff's rights under 42 U.S.C. § 1983, the Fourth Amendment and Fourteenth Amendment of the United State Constitution.

(Doc. # 1, p. 3). Thus, while Hales does not explicitly state that the City is vicariously liable under the doctrine of *respondeat superior*, the fact that the City is the only defendant in the case indicates his intent to impute liability from the individual actors to the City.

[5] In a case premised upon 42 U.S.C. § 1983, liability may not be imposed vicariously or pursuant to the doctrine of *respondeat superior.* *Farrow v. West,* 320 F.3d 1235, 1238 (11th Cir.2003); *Harris v. Ostrout,* 65 F.3d 912, 917 (11th Cir.1995); *Edwards v. Questcare, Inc.,* 1996 U.S. Dist. LEXIS 12752, 4 (S.D.Ala.1996); *Robinson v. Myers,* 1990 U.S. Dist. LEXIS 9231, 25 (S.D.Ala.1990). Therefore, the liability, if any, of an individual actor may not be imputed to the City under § 1983 on the theory of *respondeat superior.* *Belcher v. City of Foley,* 30 F.3d 1390, 1396 (11th Cir.1994); *Brown v. Crawford,* 906 F.2d 667, 671 (11th Cir.1990); *Zatler v. Wainwright,* 802 F.2d 397, 401 (11th Cir. 1986).

■ Furthermore, a local government agency or its officials "may only be liable under § 1983 if an action pursuant to official policy of some nature caused a constitutional tort." *Church v. City of Huntsville,* 30 F.3d 1332, 1342 (11th Cir.1994).

■ In the instant case, no individual defendants have been named. Thus, regardless of the potential liability of one or more police officers, the court cannot make findings against them because they are not named defendants, and the court may not impute liability to the City merely because it is the employer of the officers.

In addition, there is no allegation of a policy of practice in this case. Hales has not attributed any of the alleged violations of his constitutional rights to the promulgation or implementation of a policy permitting or facilitating the allegedly wrongful conduct. In the absence of evidence of a policy, there cannot be an finding of liability in the basis of *respondeat superior* against the City. Hales' claims against the defendant City are therefore meritless, and summary judgment is due to be granted on the § 1983 claim, the Fourth Amendment claim, and the Fourteenth Amendment claim.

Accordingly, all of the federal constitutional claims against the City are frivolous as they are "based on an indisputably meritless legal theory." *Neitzke v. Williams,* 490 U.S. 319, 327, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989). Such claims are therefore due to be dismissed pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B)(i).

### B. Claims Against Fictitious Parties

As aforestated, Hales asserts claims against "fictitious Defendants A–J [who] are those employees, agents, or representatives of the City which [sic] violated Plaintiff's rights under 42 U.S.C. § 1983, the Fourth Amendment and Fourteenth

Amendment of the United State Constitution" (Doc. #1, p. 3). He also asserts state law claims against the same unnamed parties.

■ As a matter of law, however, the Federal Rules of Civil Procedure do not permit fictitious party practice. *New v. Sports & Recreation, Inc.*, 114 F.3d 1092, 1094 n. 1 (11th Cir.1997). For that reason, Hales' constitutional claims against fictitious parties are due to be DISMISSED. The only remaining claims are his state law claims of intentional torts and negligence.

### C. Remaining State Law Claims

Pursuant to 28 U.S.C. § 1367(a), in any civil action in which a federal district court has original jurisdiction, the district court shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the Constitution. Pursuant to § 1367(c), however, a district court may decline to exercise such supplemental jurisdiction if the district court has dismissed all claims over which it had original jurisdiction.

In *Palmer v. Hosp. Auth. of Randolph Co.*, 22 F.3d 1559, 1569 (11th Cir.1994), the Court of Appeals held that whenever a federal court has supplemental jurisdiction under section 1367(a) that jurisdiction should be exercised unless section 1367(b) or (c) applies. When subsection (c) permits a court to decline to exercise its jurisdiction, the court's discretion should be guided by the factors described in *United Mine Workers v. Gibbs*, 383 U.S. 715, 725–27, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966): judicial economy, convenience, fairness to the parties, and comity. 22 F.3d at 1569. Typically, where federal claims are dismissed before trial, these factors will favor

dismissal of the state claims. *See e.g., Carnegie–Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n. 7, 108 S.Ct. 614, 98 L.Ed.2d 720 (1988); *United Mine Workers*, 383 U.S. at 726, 86 S.Ct. 1130; *Baggett v. First Nat'l Bank of Gainesville*, 117 F.3d 1342, 1352–53 (11th Cir.1997).

■ The court finds that the state law claims remaining in this action are best resolved, if at all, by the Alabama state courts. These intentional tort and negligence claims raise issues that implicate state law only. Because 28 U.S.C. § 1367(d) tolls the state statute of limitations, there is no unfairness to Hales resulting from this dismissal.

Moreover, it is well-established that "[t]he federal courts have no power to order state officials to comply with state law." *Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 104 S.Ct. 900, 79 L.Ed.2d 67 (1984). This principle applies as well to state law claims brought into federal court under pendent jurisdiction. *Id.* at 121, 104 S.Ct. 900. Thus, lacking jurisdiction to consider Hales' claims that the City violated any of Hales' federal constitutional rights, the court finds that the defendant's Motions to Dismiss the state law claims should be granted, albeit without prejudice.

### IV. CONCLUSION

For the reasons stated herein, it is ORDERED as follows:

1. The Motion for Summary Judgment is GRANTED in all respects and all claims are hereby DISMISSED without prejudice.

2. The defendant's Motion to Strike, or in the Alternative, Motion for Extension of Time to File Defendant's Reply Brief (Doc. #17) is DENIED as moot.

1174

## FINAL JUDGMENT

Upon consideration of the Memorandum Opinion entered in this case on this date, it is ORDERED and ADJUDGED that judgment be and is hereby entered in favor of the defendants and against the plaintiff as a matter of law.