[DO NOT PUBLISH]


IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-10323
Non-Argument Calendar
_____

D.C. Docket No. 1:12-cv-21091-MGC

BENJAMIN WHITFIELD,

Plaintiff-Appellee,

versus

MIAMI-DADE COUNTY POLICE DEPARTMENT,
LUIS PAZ,
#5742,
MICHAEL AUGUSTE,
#5463,
STEVE ROBINSON,
#5637,
SGT. JORGE LORENZO,
in their individual and official capacities,

Defendants-Appellants.


_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(August 8, 2013)

Before TJOFLAT, PRYOR and BLACK, Circuit Judges.

PER CURIAM:

The Miami-Dade Police Department, Luiz Paz, Michael Auguste, Steve Robinson, and Sergeant Jorge Lorenzo (collectively referred to as "the Police Department") appeal the district court's order remanding Benjamin Whitfield's *pro se* 42 U.S.C. § 1983 complaint alleging civil rights violations to Florida state court. The district court remanded the case based on the Police Department's untimely filing of its Notice of Removal. The Police Department contends that the district court lacked the authority to remand because it remanded the case for a procedural defect outside of the 30-day window prescribed by statute. After review, we reverse and remand to the district court.

*Jurisdiction*

Pursuant to 28 U.S.C. § 1447(d), we generally lack jurisdiction to review a district court's remand order when the remand is based on the grounds identified in 28 U.S.C. § 1447(c). *New v. Sports & Recreation, Inc.*, 114 F.3d 1092, 1095 (11th Cir. 1997). Section 1447(c) of Title 28 provides, in pertinent part, that:

> A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a). If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.

2

We have interpreted the statutory language to mean that a remand order is reviewable only if it is based on grounds other than "(1) lack of district court subject matter jurisdiction; or (2) a *motion* to remand the case filed within 30 days of the notice of removal which is based upon a defect in the removal procedure." *Whole Health Chiropractic & Wellness, Inc. v. Humana Med. Plan, Inc.*, 254 F.3d 1317, 1319 (11th Cir. 2001) (quoting *In re: Bethesda Mem'l Hosp., Inc.*, 123 F.3d 1407, 1409 (11th Cir. 1997)).   However, we may review a remand based on a procedural defect when it is pursuant to an untimely motion to remand.  *In re Bethesda Mem'l Hosp., Inc.*, 123 F.3d at 1410.

In order to determine the basis for the remand, we do not look for "magic words" or a specific statement that the court relied on § 1447(c), but rather examine the actual basis for remand to determine if it was based on lack of subject matter jurisdiction.  *New*, 114 F.3d at 1096.  "The untimeliness of removal is a procedural defect rather than a jurisdictional defect."  *Advanced Body Care Solutions, LLC v. Thione Int'l, Inc.*, 524 F.3d 1235, 1237 n.1 (11th Cir. 2008).

In *In re Bethesda Memorial Hospital, Inc.*, we addressed the question of remanding cases for procedural defects after 30 days of the notice of removal.  123 F.3d at 1410-11.  Although that case involved a district court *sua sponte* remanding for a procedural defect after the 30-day time period had expired, we stated that the district court "acted outside of its statutory authority by remanding for a procedural

3

defect after thirty days of the notice of removal." *Id.* at 1411.  Moreover, the plain language of 28 U.S.C. § 1447(c) states that, "[a] motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction *must* be made within 30 days after the filing of the notice of removal under section 1446(a)." *See* 28 U.S.C. § 1447(c) (emphasis added).

The district court's remand order indicates that it construed Whitfield's objections to the magistrate's report and recommendation (R&R) as a motion for remand.  Whitfield's motion for remand was based on a procedural defect.  *See Thione*, 524 F.3d at 1237 n.1.  Because Whitfield filed his objections to the R&R almost four months after the Police Department filed its notice of removal, his motion for remand was untimely because it was not within the 30-day window prescribed by § 1447(c).  *See* 28 U.S.C. § 1447(c).  As such, we have jurisdiction to review the district court's remand order as it was based on an untimely motion to remand for a procedural defect.[1]  *See In re Bethesda Mem'l Hosp. Inc.*, 123 F.3d at 1410.

*Review of Remand Order*

We review *de novo* a district court's order remanding a case to state court.

*Yusefzadeh v. Nelson, Mullins, Riley & Scarborough, LLP*, 365 F.3d 1244, 1245

---

[1]  Although the district court noted it may consider Whitfield's argument because the district court was obligated to consider its subject matter jurisdiction at any time, it is evident from the order that the actual basis for the district court's remand was the untimeliness of the Police Department's notice of removal.  As Whitfield's complaint brings claims under 42 U.S.C. § 1983, the district court had subject matter jurisdiction over his complaint.

(11th Cir. 2004). As stated earlier, "[a] motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a)." 28 U.S.C. § 1447(c).

Based on the plain language of 28 U.S.C. § 1447(c), Whitfield was required to file a motion for remand based on the untimeliness of removal within 30 days of the Police Department filing its notice of removal. *See* 28 U.S.C. § 1447(c). Given that Whitfield's objections to the R&R were filed almost four months after the notice of removal, the district court erred in granting Whitfield's untimely motion for remand. *See id.*; *see also Wilson v. Gen. Motors Corp.*, 888 F.2d 779, 781 n.1 (11th Cir. 1989) ("Petitioning for removal outside of the 30-day window constitutes a defect in removal procedure which may be waived by failure to timely file a motion for remand."). Accordingly, we reverse and remand.

**REVERSED AND REMANDED.**