[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 23-11150

Non-Argument Calendar

_____

PRESTIGE HOME INVESTMENTS, LLC,

Plaintiff-Appellee,

*versus*

SUE V. HOPKINS,
THOMAS HOPKINS,
DAVID DASILVA,

Defendants-Appellants.

_____

Appeal from the United States District Court
for the Northern District of Georgia

2                    Opinion of the Court                    23-11150

D.C. Docket No. 1:23-cv-01088-AT

_____

Before WILSON, JORDAN, and LAGOA, Circuit Judges.

PER CURIAM:

We issued a jurisdictional question asking the parties to address whether we have jurisdiction to review the district court's order remanding the action to Georgia state court and specifically whether the action was removed under 28 U.S.C. § 1442 or § 1443. None of the parties have filed a response to the jurisdictional question, and the deadline for doing so has passed.

Upon our review of the record, we DISMISS this appeal for lack of jurisdiction. Because the district court based its remand order on a lack of subject matter jurisdiction, our review is barred under § 1447(d). *See* 28 U.S.C. § 1447(c), (d); *New v. Sports & Recreation, Inc.*, 114 F.3d 1092, 1095-96 (11th Cir. 1997).

Further, no exception applies to this jurisdictional bar because this action was not removed under either 28 U.S.C. §§ 1442 or 1443. *See* 28 U.S.C. §§ 1442, 1443, 1447(d). While Appellants asserted that Appellee violated their civil rights by initiating this dispossessory action, they did not allege that the state court prevented them from raising that assertion in a defense or counterclaim. *See* 28 U.S.C. § 1443(1) (permitting removal by parties who are "denied, or cannot enforce in the courts of such state a right under any law providing for the equal civil rights of citizens of the United States"). Indeed, Appellants raised the claim in their answer

23-11150                Opinion of the Court                3

filed in the state court one day before they removed the action. Moreover, although Appellants cited 28 U.S.C. §§ 1441 and 1446 as their bases of removal, they did not expressly cite § 1443.

All pending motions are DENIED as moot.