[DO NOT PUBLISH]

# In the
# United States Court of Appeals
## For the Eleventh Circuit

_____

No. 24-12730

Non-Argument Calendar

_____

RALEIGH CROSSTON,

Defendant-Appellant,

*versus*

RANGEWATER REAL ESTATE,
agent of Enclave at Oak Ridge,
PDQ SERVICES INC.,

Plaintiffs-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Georgia

2                    Opinion of the Court                    24-12730

D.C. Docket No. 1:24-cv-03421-ELR

_____

Before GRANT, BRASHER, and ABUDU, Circuit Judges.

PER CURIAM:

This appeal is DISMISSED, *sua sponte*, for lack of jurisdiction. Raleigh Crosston appeals from the district court's August 1, 2024, order remanding the action to state court for lack of subject matter jurisdiction.

We lack jurisdiction over this appeal because remand orders based on a lack of subject matter jurisdiction are unreviewable. *See* 28 U.S.C. § 1447(c), (d); *New v. Sports & Recreation, Inc.*, 114 F.3d 1092, 1095-96 (11th Cir. 1997) (explaining that a remand order for lack of subject matter jurisdiction is unreviewable even if it is clearly erroneous); *Kircher v. Putnam Funds Tr.*, 547 U.S. 633, 642 (2006). The court's remand order is not otherwise appealable because Crosston did not remove the action from state court under 28 U.S.C. §§ 1442 or 1443. *See* 28 U.S.C. §§ 1442, 1443; *BP P.L.C. v. Mayor and City Council of Baltimore*, 593 U.S. 230, 238 (2021) (explaining that, to remove a case under §§ 1442 or 1443, a notice of removal must assert that the case is removable under one of those provisions).

No petition for rehearing may be filed unless it complies with the timing and other requirements of 11th Cir. R. 40-3 and all other applicable rules.