[DO NOT PUBLISH]

In the

# United States Court of Appeals

For the Eleventh Circuit

————————————

No. 25-10162

Non-Argument Calendar

————————————

ASSET LIVING,
THE CARTER @ 5240,

 Plaintiffs-Appellees,

*versus*

KYLA SNEAD,

 Defendant-Appellant.

————————————

Appeal from the United States District Court
for the Northern District of Georgia
D.C. Docket No. 1:24-cv-05954-WMR

————————————

Before GRANT, LUCK, and BRASHER, Circuit Judges.

PER CURIAM:

This appeal is DISMISSED, *sua sponte*, for lack of jurisdiction. Kyla Snead, proceeding *pro se*, appeals from the district court's December 30, 2024, order remanding the case to state court. We lack jurisdiction to review the remand order, even if it is erroneous, because the district court's basis for remand was lack of subject matter jurisdiction. *See* 28 U.S.C. § 1447(c), (d); *New v. Sports & Recreation, Inc.*, 114 F.3d 1092, 1095-96 (11th Cir. 1997); *Kircher v. Putnam Funds Tr.*, 547 U.S. 633, 642 (2006). The remand order is not otherwise reviewable because Snead's notice of removal did not purport to remove the state court case under 28 U.S.C. §§ 1442 or 1443. *See* 28 U.S.C. §§ 1442, 1443, 1447(d); *BP P.L.C. v. Mayor and City Council of Baltimore*, 593 U.S. 230, 238 (2021).

No petition for rehearing may be filed unless it complies with the timing and other requirements of 11th Cir. R. 40-3 and all other applicable rules.