**NOT FOR PUBLICATION**

# In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 25-13843

Non-Argument Calendar

_____

PEGASUS RESIDENTIAL, LLC,
   a.k.a. Somerset Luxury Apartments,

                                                    *Plaintiff-Appellee,*

*versus*

JOHN TAYLOR,

                                                    *Defendant-Appellant,*

ALL OTHER OCCUPANTS,

                                                    *Defendant.*

_____

Appeal from the United States District Court
for the Northern District of Georgia
D.C. Docket No. 1:25-cv-05597-VMC

_____

Before JORDAN, BRASHER, and KIDD, Circuit Judges.

PER CURIAM:

2                    Opinion of the Court                    25-13843

This appeal is DISMISSED, sua sponte, for lack of jurisdiction and all pending motions are DENIED as moot. John Taylor appeals from the district court's October 2, 2025, order remanding the action to state court for lack of subject-matter jurisdiction.

We lack jurisdiction over this appeal because remand orders based on a lack of subject-matter jurisdiction are unreviewable. *See* 28 U.S.C. § 1447(c), (d); *New v. Sports & Recreation, Inc.*, 114 F.3d 1092, 1095–96 (11th Cir. 1997) (explaining that a remand order for lack of subject-matter jurisdiction is unreviewable even if it is clearly erroneous); *Kircher v. Putnam Funds Tr.*, 547 U.S. 633, 642 (2006). The court's remand order is not otherwise appealable because Taylor did not remove the action from state court under 28 U.S.C. §§ 1442 or 1443. *See* 28 U.S.C. §§ 1442, 1443; *BP P.L.C. v. Mayor and City Council of Baltimore*, 141 S. Ct. 1532, 1538 (2021) (explaining that, to remove a case under §§ 1442 or 1443, a notice of removal must assert that the case is removable under one of those provisions).