[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 19-12029

_____

D.C. Docket No. 1:19-cv-20507-MGC

MSP RECOVERY CLAIMS, SERIES LLC,
a Delaware series limited liability company,
MSPA CLAIMS 1, LCC,
a Florida limited liability company,
SERIES PMPI,
a designated series of MAO-MSO RECOVERY II, LLC,
a Delaware series limited liability company,

Plaintiffs-Appellants,

versus

THE HANOVER INSURANCE COMPANY,
THE HANOVER AMERICAN INSURANCE COMPANY,

Defendants-Appellees.

_____

No. 19-12085

_____

D.C. Docket No. 1:19-cv-20465-FAM

MSP RECOVERY CLAIMS SERIES LLC,
MSPA CLAIMS 1, LLC,
SERIES PMPI,

Plaintiffs–Appellants–Cross-Appellees,


versus


THE TRAVELERS CASUALTY COMPANY,
THE TRAVELERS INDEMNITY COMPANY,
THE TRAVELERS INDEMNITY COMPANY OF AMERICA,
THE TRAVELERS INDEMNITY COMPANY OF CONNECTICUT,
TRAVELERS CASUALTY AND SURETY COMPANY,
TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA,
TRAVELERS PROPERTY CASUALTY INSURANCE COMPANY,

Defendants–Appellees–Cross-Appellants.

_____

No. 19-12091

_____

D.C. Docket No. 1:19-cv-20510-FAM

MSP RECOVERY CLAIMS, SERIES LLC,
a Delaware series limited liability company,
MSPA CLAIMS 1, LCC,
a Florida limited liability company,
SERIES PMPI,
A DESIGNATED SERIES OF MAO-MSO RECOVERY II LLC,
a Delaware series limited liability company,

Plaintiffs-Appellants,

versus

DAIRYLAND INSURANCE COMPANY,

Defendant-Appellee.

_____

No. 19-12092

_____

2

D.C. Docket No. 1:19-cv-20872-FAM

MSP RECOVERY CLAIMS, SERIES LLC,
MSPA CLAIMS 1, LCC,
SERIES PMPI,
a designated series of MAO-MSO RECOVERY II LLC,
a Delaware series limited liability company,

Plaintiffs–Appellants–Cross-Appellees,

versus

NORTHLAND CASUALTY COMPANY,
NORTHLAND INSURANCE COMPANY,

Defendants–Appellees–Cross-Appellants.

_____

No. 19-12357

_____

D.C. Docket No. 1:19-cv-20709-FAM

MSP RECOVERY CLAIMS, SERIES LLC,
A Delaware Series Limited Liability company,
MSPA CLAIMS 1, LCC,
A Florida Limited Liability Company,
SERIES PMPI,
A DESIGNATED SERIES OF MAO-MSO RECOVERY II LLC,
A Delaware Series Limited Liability Company,

Plaintiffs-Appellants,

versus

AUTO-OWNERS INSURANCE COMPANY,
OWNERS INSURANCE COMPANY,
SOUTHERN-OWNERS INSURANCE COMPANY

Defendants-Appellees.

3

_____

No. 19-12358

_____

D.C. Docket No. 1:19-cv-21029-JAL

MSP RECOVERY CLAIMS, SERIES LLC,
a Delaware series limited liability company,
MSPA CLAIMS 1, LCC,
a Florida Limited Liability Company,
SERIES PMPI,
a designated series of MAO-MSO RECOVERY II LLC,
a Delaware series limited liability company,

Plaintiffs-Appellants,

versus

IDS PROPERTY CASUALTY INSURANCE COMPANY,

Defendant-Appellee.

_____

No. 19-13024

_____

D.C. Docket No. 1:19-cv-20665-DPG

MSP RECOVERY CLAIMS, SERIES LLC,
a Delaware series LLC,
MSPA CLAIMS 1, LCC,
a Florida limited liability,
SERIES PMPI,
a designated series of MAO-MSO RECOVERY II LLC,

Plaintiffs-Appellants,

versus

4

PHILADELPHIA INDEMNITY INSURANCE COMPANY,

Defendant-Appellee.

_____

Appeals from the United States District Court
for the Southern District of Florida

_____

(April 30, 2021)

Before WILSON, LAGOA, and BRASHER, Circuit Judges.

BRASHER, Circuit Judge:

This appeal consolidates seven separate cases that three related corporate entities—which we will refer to jointly as "MSP"—originally filed in Florida state court against seventeen insurance companies. After the insurance companies removed their respective cases to federal court, MSP filed timely motions to remand and for attorney's fees and costs. The district court granted the motions to remand but declined to order the insurance companies to pay MSP's attorney's fees and costs. MSP appealed the district court's orders denying attorney's fees and costs. The Travelers, Northland, and Owners insurance companies cross-appealed the remand orders in their respective cases.

These appeals and cross-appeals require us to answer two questions. First, do we have jurisdiction over the cross-appeals? Second, did the district court abuse its discretion in denying MSP's motions for attorney's fees and costs? After careful

consideration and with the benefit of oral argument, we conclude that the answer to both questions is "no." Accordingly, we dismiss the cross-appeals for lack of jurisdiction and affirm the orders denying attorney's fees and costs.

## I. BACKGROUND

MSP has been assigned claims that may entitle it to recover reimbursement or payment from the insurance companies under Florida law. MSP sued the insurance companies in the Eleventh Judicial Circuit in and for Miami-Dade County, Florida, and filed its complaints as "pure bills of discovery." These bills of discovery sought evidence that would "confirm the proper defendant and the appropriate legal theory of relief" for a future lawsuit aimed at collecting on the assigned claim.

The insurance companies removed these cases to the United States District Court for the Southern District of Florida based on diversity jurisdiction under 28 U.S.C. §§ 1332(a) and 1367. MSP then moved to remand the cases to state court for lack of jurisdiction. Specifically, MSP argued that the insurance companies could not satisfy the amount-in-controversy requirement for diversity jurisdiction at the time of removal. MSP also moved for attorney's fees and costs on the ground that the insurance companies either had notice that removal was improper or removed the cases for the sole purpose of delay. Regarding its notice argument, MSP noted that the district court had previously rejected similar arguments for removal in

6

several earlier cases.[*]

The district court remanded the cases to state court but denied MSP's motions for attorney's fees and costs. MSP timely appealed the district court's denials. The Travelers, Northland, and Owners insurance companies in cases 19-12085, 19-12092, and 19-12357, respectively, then cross-appealed the district court's remands.

## II. DISCUSSION

These appeals and cross-appeals raise two questions. In its appeals, MSP argues that the district court abused its discretion in denying its motions for attorney's fees and costs. Specifically, it contends that the insurance companies lacked an objectively reasonable basis for removal because the district court had previously remanded similar cases. In their cross-appeals, the Travelers, Northland, and Owners insurance companies argue that the district court erroneously remanded the consolidated cases to state court.

### A. This Court Lacks Jurisdiction Over the Cross-Appeals

We begin with the cross-appeals because MSP's own appeal is moot if the

---

[*] These cases include: *MSP Recovery Claims, Series LLC v. Allstate Fire & Cas. Ins. Co.*, No. 19-20426-CIV, ECF No. 4 (S.D. Fla. Feb. 4, 2019); *MSP Recovery Claims, Series LLC v. Alere, Inc.*, No. 18-24703-CIV, ECF No. 30 (S.D. Fla. Jan. 15, 2019); *MSP Recovery Claims, Series LLC v. Boston Sci. Corp.*, No. 18-24546-CIV, ECF No. 31 (S.D. Fla. Jan. 9, 2019); *MSP Recovery Claims, Series LLC v. Am. Med. Sys., LLC*, No. 18-24497-CIV, ECF No. 25 (S.D. Fla. Dec. 26, 2018); *MSP Recovery Claims, Series LLC v. ALN Int'l Inc.*, 18-24627-CIV, ECF No. 19 (S.D. Fla. Dec. 4, 2018); *MSP Recovery Claims, Series LLC v. Coloplast Corp.*, No. 18-24582-CIV, ECF No. 24 (S.D. Fla. Nov. 26, 2018); *MSP Recovery Claims, Series LLC v. Jazz Pharm. Inc.*, No. 18-24622-CIV, ECF No. 25 (S.D. Fla. Nov. 26, 2018); *MSP Recovery Claims, Series LLC v. Eli Lilly & Co.*, No. 18-24617-CIV, ECF No. 27 (S.D. Fla. Nov. 26, 2018).

insurance companies are correct that the district court erroneously remanded their cases. The litigation below focused on whether each "pure bill of discovery" lawsuit had over $75,000 in controversy such that the district court could exercise diversity jurisdiction. Under Florida law, "[a] pure bill of discovery is a means of obtaining information such as the identity of a proper party defendant or the appropriate legal theory on which to base relief." *Debt Settlement Adm'rs, LLC v. Antigua & Barbuda*, 950 So.2d 464, 465 (Fla. Dist. Ct. App. 2007). Because a pure bill of discovery seeks information and not money, MSP argues that the amount in controversy is effectively zero, or at least no greater than $75,000. The Travelers, Northland, and Owners insurance companies counter that more than $75,000 is in controversy because the "object" of the litigation—that is, MSP's ultimate goal—is to eventually pursue the assigned claims for money damages.

We conclude that we cannot address these arguments because we lack jurisdiction over the cross-appeals. To begin, remand orders are ordinarily not appealable. 28 U.S.C. § 1447(d) provides that, with two exceptions not applicable here, "[a]n order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise." However, Section 1447(d) renders unreviewable only the kinds of remand orders listed in Section 1447(c): remands "on the basis of any defect other than lack of subject matter jurisdiction" that is raised "within 30 days after the filing of the notice of removal." 28 U.S.C. § 1447(c);

8

*see Hunter v. City of Montgomery, Ala.*, 859 F.3d 1329, 1333 (11th Cir. 2017). Consequently, if a remand order is for lack of subject matter jurisdiction or if it follows a timely motion, then "we are precluded from reviewing such a remand order whether or not that order might be deemed erroneous by us." *See Corp. Mgmt. Advisors, Inc. v. Artjen Complexus, Inc.*, 561 F.3d 1294, 1296 (11th Cir. 2009) (cleaned up).

Here, the insurance companies argue that we may review the remand orders because the district court *sua sponte* remanded each case for a non-jurisdictional procedural defect. The problem for the insurance companies, however, is that the district court did not remand the underlying cases *sua sponte*. Instead, in every case, MSP filed a motion to remand that was timely under Section 1447(c). And, in every case, the district court remanded by granting that motion. Nothing about this process suggests a *sua sponte* remand.

Despite this unambiguous procedural history, the Travelers, Northland, and Owners insurance companies insist that the remands in their cases were *sua sponte* because, they say, the district court's stated reasons for remanding were not precisely the same as the grounds listed in MSP's timely motions to remand. The insurance companies then contend that by remanding for reasons different than those asserted in MSP's timely motions, the district court remanded the cases *sua sponte*.

We have never engaged in this kind of analysis in the past, and we will not

9

engage in it now. Our appellate jurisdiction over remand orders is narrow; it cannot be premised on purported disparities between the arguments in a timely motion to remand and the reasoning in a district court's order granting that motion. *See Schexnayder v. Entergy Louisiana, Inc.*, 394 F.3d 280, 283–84 (5th Cir. 2004) (rejecting the defendant's argument that the district court's remand order was "logically indistinguishable from a *sua sponte* motion" when it "remand[ed] a case for reasons that are not listed in the original motion for remand"). Instead, when a plaintiff files a timely motion to remand that the district court grants, we will presume that it granted the motion because of the plaintiff's arguments and not *sua sponte*. Unless that presumption is rebutted on the face of the district court's order— for example, by a statement disagreeing with the arguments in the motion—we will not exercise jurisdiction to review the remand order. *See First Union Nat'l Bank of Fla. v. Hall*, 123 F.3d 1374, 1377 (11th Cir. 1997) ("In order to decide whether a remand order is reviewable, we look to the terms of the remand order itself[.]'"); *Schexnayder*, 394 F.3d at 283–84 (refusing to assess appellate jurisdiction by "compar[ing] a remand motion's rationale with the reasons given, if any, of the remand order" because "[i]t is difficult to discern where this review ends and a look at the merits of the order begins").

Instead, the proper analysis is outlined in our decision in *Hunter v. City of Montgomery*, where we held that we had jurisdiction to review a remand order

10

because the district court *sua sponte* remanded for a procedural defect. First, we asked whether the district court's remand order was *sua sponte*. We held that it was because (1) "[t]he district court itself raised the possibility that a [certain statutory] exception required remand," (2) "the remand was not done on motion," and (3) "a motion would not have been timely . . . anyway because the thirty-day deadline had passed ten times over before the district court raised the possibility of the case being subject to remand." *Hunter*, 859 F.3d at 1333–34. Second, after deciding that the remand was *sua sponte*, we examined whether the remand was for lack of subject matter jurisdiction or a procedural defect. In answering that question, we explained that "we are not bound by a district court's characterization of the basis of a remand; it is our responsibility to determine whether the remand was based on a jurisdictional defect or some other issue." *Id.* at 1334 n.2. Thus, although the district court thought that it had *sua sponte* remanded for a lack of subject matter jurisdiction, we held that the problem was instead a defect in procedure. Accordingly, we had jurisdiction over the appeal.

We relied on similar reasoning in *Artjen*. There, the case was removed based on diversity jurisdiction, but the citizenship of one of the parties was not properly alleged in the notice of removal. *See Artjen*, 561 F.3d at 1295–96. Accordingly, the district court "concluded that it lacked subject matter jurisdiction" and remanded the case to state court without a motion having been filed. *Id.* at 1296. After observing

11

that the district court's remand was "because of a perceived procedural defect in the removal process without waiting for a party's motion," we evaluated whether the alleged defect was truly one of subject matter jurisdiction. *Id.* We held that it was not. Because the remand in *Artjen* was ordered *sua sponte* and on a basis other than lack of subject matter jurisdiction, we had jurisdiction over the appeal. *Id.*

Unlike the plaintiffs in *Hunter* and *Artjen*, MSP timely filed its motions to remand, and the district court granted them. The district court's remand orders do not state that it remanded for reasons not identified in the motions. To the extent that the orders discuss the motions at all, they focus on MSP's argument that the amount-in-controversy requirement was not satisfied. We therefore conclude that the district court did not remand *sua sponte*.

Because the district court remanded by granting MSP's timely motions, we need not address whether the district court remanded for procedural or jurisdictional reasons. The orders fall within the scope of Section 1447(c) and are unreviewable under Section 1447(d). Consequently, we lack jurisdiction over the cross-appeals.

*B. The District Court Did Not Abuse Its Discretion in Denying MSP's Motions for Attorney's Fees and Costs*

Because we do not have jurisdiction to review the underlying remand orders, we must determine whether the district court abused its discretion when it declined to award attorney's fees and costs under 28 U.S.C. § 1447(c). *See Bauknight v. Monroe County*, 446 F.3d 1327, 1329 (11th Cir. 2006) (reviewing an order denying

attorney's fees and costs for abuse of discretion). There is no presumption in favor of awarding attorney's fees and costs under Section 1447(c). *See Bauknight*, 446 F.3d at 1329 (noting that the Supreme Court in *Martin v. Franklin Capital Corp.*, 546 U.S. 132 (2005), "[e]xplicitly reject[ed] the notion that the statute created a presumption in favor of awarding fees"). Instead, "absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Bauknight*, 446 F.3d at 1329 (cleaned up) (quoting *Martin*, 546 U.S. at 141).

Here, MSP does not accuse the insurance companies of factual misrepresentations, making frivolous legal arguments, or anything similar that might have rendered their removals objectively unreasonable. Instead, MSP argues that their removals were objectively unreasonable because they had "clear and undeniable notice" of prior remand orders that had rejected similar legal arguments for removal. In other words, MSP argues that a district court *must* impose attorney's fees and costs when a defendant removes a case in the face of adverse district court precedent.

We disagree. A district court's decision does not bind this Court, the district court issuing the decision, or even the judge who made the decision. *See McGinley v. Houston*, 361 F.3d 1328, 1331 (11th Cir. 2004). Instead, as a general matter, district courts may give their opinions the weight that they believe is warranted. It

13

therefore makes very little sense to say that a defendant must *necessarily* pay attorney's fees and costs when it removes a case in the face of an adverse district court precedent. Despite its many decisions remanding on materially identical facts, the district court here decided that the insurance companies had an objectively reasonable basis to remove, and no precedent from this Court or the Supreme Court barred removal. Accordingly, we cannot say the district court abused its discretion in declining to award attorney's fees and costs.

Of course, by saying that the district court did not abuse its discretion, we do not address whether another or even the same district court could properly decide to award attorney's fees and costs when faced with a substantially similar removal. "[T]he abuse of discretion standard allows a range of choice for the district court, so long as that choice does not constitute a clear error of judgment." *United States v. Frazier*, 387 F.3d 1244, 1259 (11th Cir. 2004) (en banc) (cleaned up) (quoting *Rasbury v. I.R.S.*, 24 F.3d 159, 168 (11th Cir. 1994)). By definition, "under the abuse of discretion standard of review there will be occasions in which we affirm the district court even though we would have gone the other way had it been our call." *Id.* (quoting *Rasbury*, 24 F.3d at 168). We hold only that it is not an abuse of discretion for a district judge to decline to award attorney's fees and costs under Section 1447(c) simply because that judge or other district court judges within the same district have previously remanded in similar cases.

14

## III. CONCLUSION

For the reasons stated above, we **DISMISS** the cross-appeals for lack of jurisdiction and **AFFIRM** the orders denying MSP's motions for attorney's fees and costs.