[PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 21-11913

Non-Argument Calendar

_____

JOAN SIMRING,

Plaintiff-Appellee,

*versus*

GREENSKY, LLC,

Defendant-Appellant,

ADAM D. ZUCKERMAN, et al.,

Defendants.

———————————

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 0:20-cv-62551-RS

———————————

Before LUCK, LAGOA, and BRASHER, Circuit Judges.

BRASHER, Circuit Judge:

This is an appeal from a district court's remand of a putative class action to state court under the Class Action Fairness Act. ("CAFA"). Joan Simring filed a putative class action in Florida state court against GreenSky, LLC, and related parties. GreenSky removed the case to federal court, and the district court remanded based on 28 U.S.C. § 1332(d)(4), CAFA's "local controversy" exception. GreenSky appealed the remand order, and Simring moved to dismiss the appeal for lack of appellate jurisdiction under 28 U.S.C. §§ 1447(d) and 1453(c). We conclude that we have appellate jurisdiction. We also reverse the district court's remand order as an erroneous application of the local controversy exception and remand for further proceedings.

## I.

Simring filed a putative class action in Florida state court "individually and on behalf of all other Floridians similarly situated" against GreenSky, Adam Zuckerman, and various related parties. She alleged violations of Florida law relating to

Zuckerman's clinical treatments advertised for neuropathy, which GreenSky financed. In her complaint, Simring defined the putative class as "[a]ll persons over 64 years of age who visited Dr. Zuckerman after reading the False Advertisement and who received 'stem cell' treatments financed by GreenSky."

GreenSky later removed the case to federal court, asserting that the district court had original jurisdiction under the Class Action Fairness Act, 28 U.S.C. § 1332(d). Simring moved to remand the case back to Florida state court. She argued that GreenSky had not proven that the amount in controversy exceeded five million dollars as required by CAFA, and that the district court was required to decline the exercise of jurisdiction under CAFA's "home state" and "local controversy" exceptions. *See id.* § 1332(d)(2), (3), (4).

The district court granted Simring's motion to remand, relying solely on the local controversy exception. That exception applies if, among other things, "greater than two-thirds of the members of all proposed plaintiff classes in the aggregate are citizens of the State in which the action was originally filed." *Id.* § 1332(d)(4)(A)(i)(I). The court recognized that "the class definition set out in the Complaint does not explicitly state it is limited to Florida citizens." But it found such a limitation "elsewhere in the Complaint." Specifically, the district court pointed to the complaint's statements that it was filed "individually and on behalf of all other Floridians similarly situated" and "on behalf of Florida senior citizens."

GreenSky appealed the district court's remand order, arguing that Simring failed to establish that the local controversy exception's two-thirds requirement was satisfied. Simring moved to dismiss the appeal for lack of appellate jurisdiction. She argued that review was barred by 28 U.S.C. § 1447(d) and that the appeal was not properly filed under Federal Rule of Appellate Procedure 5, as required by 28 U.S.C. § 1453(c). *See Evans v. Walter Indus., Inc.*, 449 F.3d 1159, 1162 (11th Cir. 2006) ("[A] request for appeal under CAFA is subject to Fed. R. App. P. 5, entitled 'Appeal by Permission.'"). We carried these jurisdictional questions with the case.

## II.

We divide our discussion of the issues into three parts. First, we address Simring's argument that we lack appellate jurisdiction over this appeal under 28 U.S.C. § 1447(d) and 28 U.S.C. § 1453(c). Second, we turn to her argument that the federal courts lack subject matter jurisdiction because the amount in controversy does not exceed five million dollars. Finally, we address her argument that the district court correctly remanded because the local controversy exception was satisfied. We conclude that we have jurisdiction over the appeal, that we and the district court have subject matter jurisdiction, and that the local controversy exception to CAFA does not apply.

### A.

Simring first argues that we lack jurisdiction over this appeal. We disagree.

Simring argues that GreenSky's appeal is barred by the jurisdiction stripping statute, 28 U.S.C. § 1447(d). "As a general matter, remand orders are reviewable as final decisions under 28 U.S.C. § 1291." *Hunter v. City of Montgomery*, 859 F.3d 1329, 1333 (11th Cir. 2017). Nonetheless, under Section 1447(c) and (d), this Court lacks jurisdiction to review a district court's remand order if it "(1) followed a timely motion for a defect other than lack of subject matter jurisdiction, or (2) was based on lack of subject matter jurisdiction." *Id.*

This jurisdiction stripping statute does not apply here because, under our precedents, the district court did not remand for a procedural "defect" or for "lack of subject matter jurisdiction." We have held that CAFA's local controversy exception does not implicate subject matter jurisdiction under the second part of Section 1447(c). *Hunter*, 859 F.3d at 1334. Our precedents also establish that the local controversy exception is not a procedural "defect" under the first part of Section 1447(c). We have held that the word "defect" in this statute refers only to "'defect[s]' in the removal itself," and does not include grounds—such as abstention—that are "external to the removal process." *Snapper, Inc. v. Redan*, 171 F.3d 1249, 1253 (11th Cir. 1999). We have also held that the local controversy exception is "akin" to abstention because it requires courts to decline jurisdiction that otherwise exists. *Blevins v. Aksut*, 849 F.3d 1016, 1019–20 (11th Cir. 2017) (quoting *Morrison v. YTB Int'l*, 649 F.3d 533, 536 (7th Cir. 2011)); *see also Hunter*, 859 F.3d at 1334 ("But if the local controversy exception . . . applies,

CAFA requires that the district court 'decline to exercise jurisdiction.' The text recognizes that the court has jurisdiction but prevents the court from exercising it if [the] exception applies." (citation omitted) (quoting 28 U.S.C. § 1332(d)(4))). Accordingly, "a remand order based on CAFA's local controversy exception . . . does not fall within either of § 1447(d)'s categories." *Hunter*, 859 F.3d at 1334.

Simring argues that we lack jurisdiction because the district court's order followed her timely motion for remand. But the timeliness of her motion would matter for our appellate jurisdiction only if the district court had remanded for a "defect" and, as explained above, it did not. Simring relies on a recent precedent to support her argument—*MSP Recovery Claims, Series LLC v. Hanover Insurance Co.*, 995 F.3d 1289, 1294 (11th Cir. 2021)—but it is inapposite. *MSP* was not about a CAFA removal. In *MSP*, unlike here, the appellants argued that we could "review the remand orders because the district court *sua sponte* remanded . . . for a nonjurisdictional procedural defect." *Id.* We disagreed because we concluded that the district court's remand was not *sua sponte* but had "follow[ed] a timely motion." *Id.* at 1294–95. Here, unlike *MSP*, the district court did not remand for either a "defect" or "lack of subject matter jurisdiction," so we have appellate jurisdiction no matter the timeliness of Simring's motion.

Simring also contends that GreenSky failed to timely file a motion for permissive appeal under 28 U.S.C. § 1453(c). But GreenSky based its appeal solely on 28 U.S.C. § 1291, which provides an

independent basis for our appellate jurisdiction. Because GreenSky did not rely at all on Section 1453, it did not need to file a motion for permissive appeal. *See Hunter,* 859 F.3d at 1334 n.3. We have appellate jurisdiction under Section 1291 alone.

*B.*

Simring also challenges the district court's subject matter jurisdiction under CAFA, which requires (1) at least 100 class members, (2) minimal diversity, and (3) an amount in controversy exceeding five million dollars. 28 U.S.C. § 1332(d)(2), (5); *Smith v. Marcus & Millichap, Inc.*, 991 F.3d 1145, 1149 (11th Cir. 2021). The district court implicitly found it had subject matter jurisdiction when it remanded under the local controversy exception, and we review this conclusion *de novo. See Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 408 (11th Cir. 1999). "Where, as here, the plaintiff has not pleaded a specific amount of damages, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional requirement." *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 752 (11th Cir. 2010) (quoting *Williams v. Best Buy Co., Inc.*, 269 F.3d 1316, 1319 (11th Cir.2001)).

There is no question that this matter meets the first two requirements for subject matter jurisdiction under CAFA. *See* 28 U.S.C. § 1332(d)(2), (5). There are at least 204 potential class members. GreenSky and another defendant are headquartered outside Florida, and the named plaintiff is a Florida citizen. *See Smith*, 991

8                    Opinion of the Court                    21-11913

F.3d at 1149 ("To determine whether minimal diversity exists, courts consider the citizenship of all the class members (including putative), both named and unnamed."). So CAFA's first two requirements are met.

But Simring argues that less than five million dollars is in controversy. Specifically, she contends that the action does not meet the $5 million threshold required for jurisdiction under CAFA because she stipulated to accept no more than $4,999,999 in damages. *See* 28 U.S.C. § 1332(d)(2). But the Supreme Court has held that a named plaintiff for a putative class has no authority to bind other class members through such a stipulation. *Standard Fire Ins. Co. v. Knowles*, 568 U.S. 588, 592–93 (2013). GreenSky, on the other hand, submitted evidence that Simring's requested relief would exceed five million dollars when multiplied across the entire class. We agree with the district court's implicit finding that the amount in controversy exceeds CAFA's requirement.

## C.

We now turn to the district court's justification for remanding under the local controversy exception in 28 U.S.C. § 1332(d)(4). We review that decision *de novo. See Evans*, 449 F.3d at 1161. "[P]laintiffs bear the burden of establishing that they fall within CAFA's local controversy exception." *Id.* at 1164. That exception is a "narrow one, with all doubts resolved 'in favor of exercising jurisdiction over the case.'" *Id.* at 1163 (quoting S. Rep. No. 109-14 at 42, 2005 U.S.C.C.A.N. 3, 40). It applies if, among other things,

"greater than two-thirds of the members of all proposed plaintiff classes in the aggregate are citizens of the State in which the action was originally filed." 28 U.S.C. § 1332(d)(4)(A)(i)(I).

We recently addressed the burden of proving the local controversy exception in *Smith v. Marcus & Millichap, Inc.*, 991 F.3d at 1156–57. There we explained that "[c]lass action plaintiffs can prove that two-thirds of the putative class are citizens of a certain state in two ways." *Id.* at 1156. The first way "is to limit the class definition to citizens of a certain state." *Id.* The second way is to "provide evidence of the class members' state of residence as well as evidence showing their intent to remain in that state." *Id.* at 1157

Simring argues, and the district court concluded, that this case is one of the first category of cases. We disagree. The class definition in Simring's complaint did not restrict class membership to Florida citizens. Simring's complaint defined the class as, "All persons over 64 years of age who visited Dr. Zuckerman after reading the False Advertisement and who received 'stem cell' treatments financed by GreenSky." The district court recognized that this definition "does not explicitly state it is limited to Florida citizens." But the court looked to other portions of the complaint, stating that the plaintiff brought the action "on behalf of all other Floridians similarly situated" and "on behalf of Florida senior citizens" to conclude that the two-thirds requirement for the local controversy exception was met. Under *Smith*, however, only the class definition itself—not other portions of the complaint—can restrict the scope of a class for purposes of this first way of establishing the two-

thirds requirement. *See id.* 1156–57 (determining the citizenship of the class members by looking to "the class definition on its face").

In any event, the complaint's other language does not support the district court's conclusion that the two-thirds requirement was satisfied. An action could be brought "on behalf of all other Floridians similarly situated" without those Floridians comprising more than two-thirds of the broader class in the class definition. And it is unclear whether "Floridians" in the complaint refers to mere *residents* of Florida or *citizens* who intend to remain there. As we explained in *Smith*, the difference between residency and citizenship is especially relevant in Florida, where many people live in the state for only part of the year. 991 F.3d at 1158. We note that the parties and the district court did not have the benefit of our decision in *Smith* when the motion to remand was briefed below.

Simring has also failed to provide any evidence that more than two-thirds of the putative class members are Florida citizens. She argues that GreenSky should have filed documents as part of its removal burden to establish putative class members' addresses. But the opposite is true: Simring bears the burden of proving that more than two-thirds of the putative class are Florida citizens. *See Evans*, 449 F.3d at 1164. Here, Simring introduced no evidence at all in support of her factual contention that two-thirds of the class are citizens of Florida. *See Smith*, 991 F.3d at 1157 (holding that, in cases where the class definition is not based on citizenship, plaintiffs must submit specific evidence proving the class members' citizenship to satisfy two-thirds requirement); *Preston v. Tenet*

*Healthsystem Mem'l Med. Ctr., Inc.*, 485 F.3d 793, 803 (5th Cir. 2007) (holding that plaintiffs failed to prove two-thirds requirement by "rest[ing] on the pleadings" and "forgo[ing] the opportunity to conduct limited discovery as contemplated by CAFA").

Because the local controversy exception is a narrow one, we must resolve any doubts against this exception to CAFA. *See Evans*, 449 F.3d at 1163; *cf. Smith*, 991 F.3d at 1159 ("With only generalized data and no specific facts to support the citizenship of any member of the putative class, doubts abound in this case. As the plaintiffs' evidence fails to prove citizenship of any member of the class, it fails to establish more than two-thirds of the class are Florida citizens."). Accordingly, we conclude that the district court erred by applying the local controversy exception as a basis for remanding to state court.

## III.

**REVERSED** and **REMANDED.**