[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

————————————

No. 22-12168

Non-Argument Calendar

————————————

AMH 2014-1 BORROWER, LLC ISAOA,
c/o O'Kelley & Sorohan, Attorneys at
Law, LLC,

Plaintiff-Appellee,

*versus*

CATHERINE SMITH,
DWIGHT SMITH,
BRYANT SMITH,

Defendants-Appellants.

————————————

Appeal from the United States District Court
for the Northern District of Georgia
D.C. Docket No. 1:22-cv-00536-SEG

_____

Before GRANT, ABUDU, and ANDERSON, Circuit Judges.

PER CURIAM:

The Smiths, proceeding pro se, seek review of the district court's order remanding this case back to the Magistrate Court of Fulton County for lack of subject matter jurisdiction. Generally, remand orders are not appealable. *MSP Recovery Claims, Series LLC v. Hanover Ins. Co.*, 995 F.3d 1289, 1294 (11th Cir. 2021). Section 1447(d) is specific on this matter: "[a]n order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise." 28 U.S.C. § 1447(d); *see also MSP Recovery Claims*, 995 F.3d at 1294. There are, however, two statutory exceptions. A remand order is reviewable on appeal if "it was removed pursuant to section 1442 or 1443." 28 U.S.C. § 1447(d). And removing a case "pursuant to" § 1442 or § 1443, for purposes of establishing reviewability, "just means that a defendant's notice of removal must assert the case is removable in accordance with or by reason of one of those provisions." *BP P.L.C. v. Mayor & City Council of Baltimore*, 141 S. Ct. 1532, 1538 (2021) (quotation omitted).

The Smiths, in their notice of removal, stated that they were removing their case to federal court "pursuant to 28 U.S.C. §§ 1331,

22-12168                Opinion of the Court                3

1441, and 1446." They did not remove this case "pursuant to section 1442 or 1443." *See AMH 2014-1 Borrower, LLC ISAOA v. Smith*, No. 1:22-CV-0536-JPB-JSA, 2022 WL 2388711, at *5 (N.D. Ga. Mar. 30, 2022) ("Defendants do not expressly seek to remove this action based on 28 U.S.C. § 1443(1)."), *report and recommendation adopted,* No. 1:22-CV-0536-SEG, 2022 WL 2442807 (N.D. Ga. June 16, 2022). While we hold the allegations of pro se litigants to "less stringent standards than formal pleadings drafted by lawyers," we may not "serve as *de facto* counsel for a party" or "rewrite an otherwise deficient pleading in order to sustain an action." *Campbell v. Air Jamaica Ltd.*, 760 F.3d 1165, 1168–69 (11th Cir. 2014).

Accordingly, this Court lacks jurisdiction to review the district court's remand order. We therefore **GRANT** AMH's motion to dismiss for lack of jurisdiction and **DENY** as moot AMH's motion to expedite this appeal.