[DO NOT PUBLISH]

# In the
# United States Court of Appeals
## For the Eleventh Circuit

_____

No. 24-13576

Non-Argument Calendar

_____

ELON PROPERTY MANAGEMENT,
agent of Barrington Apartments,

Plaintiff-Appellee,

*versus*

TONYA STEVENS,
and all other occupants,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia
D.C. Docket No. 1:24-cv-04745-VMC

_____

Before GRANT, LAGOA, and BRASHER, Circuit Judges.

PER CURIAM:

Tonya Stevens, proceeding *pro se*, appeals the district court's order remanding her case to Georgia state court for lack of subject matter jurisdiction. However, that order is unreviewable on appeal. *See* 28 U.S.C. § 1447(c), (d); *MSP Recovery Claims, Series LLC v. Hanover Ins. Co.*, 995 F.3d 1289, 1294 (11th Cir. 2021) (explaining that remand orders for which review is barred include those based on a lack of subject matter jurisdiction); *Whole Health Chiropractic & Wellness, Inc. v. Humana Med. Plan, Inc.*, 254 F.3d 1317, 1319 (11th Cir. 2001) (holding that remand orders are only reviewable if, as relevant here, they are based on grounds other than lack of subject matter jurisdiction); *New v. Sports & Recreation*, 114 F.3d 1092, 1096 (11th Cir. 1997) (explaining that "a district court does not have to expressly state its reliance on section 1447(c) to preclude appellate review"). Additionally, Stevens did not invoke 28 U.S.C. §§ 1442 or 1443 as the basis for the removal. *See* 28 U.S.C. § 1447(d); *BP P.L.C. v. Mayor of Balt.*, 141 S. Ct. 1532, 1538 (2021).

Accordingly, this appeal is DISMISSED, *sua sponte*, for lack of jurisdiction. No petition for rehearing may be filed unless it complies with the timing and other requirements of 11th Cir. R. 40-3 and all other applicable rules.