[DO NOT PUBLISH]

In the

# United States Court of Appeals

For the Eleventh Circuit

_____

No. 24-12314

Non-Argument Calendar

_____

GOSHEN MORTGAGE,
as Separate Trustee for GDBT 1 Trust 2011-1,
RED STICK ACQUISITIONS, LLC,

Plaintiffs-Appellees,

*versus*

WILLIAM P. DEBOSKEY,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

D.C. Docket No. 8:24-cv-00325-WFJ-UAM

————————————

Before NEWSOM, BRANCH, and ANDERSON, Circuit Judges.

PER CURIAM:

William DeBoskey, proceeding pro se, appeals the district court's order remanding this case to state court. DeBoskey had earlier removed the case to federal court, citing 28 U.S.C. §§ 1441, 1443, and 1446. On appeal, he argues that the state-court plaintiff, Red Stick Acquisitions, LLC, lacks Article III standing. He also asserts that he sufficiently demonstrated complete diversity of citizenship, and that the district court was therefore wrong to base its remand order on a lack of subject-matter jurisdiction. Red Stick, in turn, argues that, under 28 U.S.C. § 1447, we lack jurisdiction over DeBoskey's appeal. We hold that we possess jurisdiction over the appeal, but we reject all of DeBoskey's arguments. Accordingly, the district court's remand order is affirmed.

## I

Our authority to consider DeBoskey's appeal turns on a three-step jurisdictional tap dance.[1] First, in general, remand orders are reviewable as final decisions under 28 U.S.C. § 1291. *Hunter v. City of Montgomery*, 859 F.3d 1329, 1333 (11th Cir. 2017). But second, there is an exception to this principle: We usually *lack*

---

[1] We review our own jurisdiction de novo. *Tillis ex rel. Wuenschel v. Brown*, 12 F.4th 1291, 1296 (11th Cir. 2021).

jurisdiction over a remand order that (1) follows a timely motion for remand based on a defect other than lack of subject-matter jurisdiction or (2) is based on lack of subject-matter jurisdiction. *See* 28 U.S.C. § 1447(c); *MSP Recovery Claims, Series LLC v. Hanover Ins. Co.*, 995 F.3d 1289, 1294 (11th Cir. 2021); *Hunter*, 859 F.3d at 1333. And yet, third, there is an exception to the exception: We retain jurisdiction to review the entire remand order when removal is based, even if only in part, on § 1442 or § 1443. *BP P.L.C. v. Mayor & City Council of Baltimore*, 141 S. Ct. 1532, 1537–38 (2021); *see* 28 U.S.C. § 1447(d). That's because § 1443 permits a defendant in a civil state court action to remove the action to federal court if the action is against a person who is denied or cannot enforce in the state courts "a right under any law providing for the equal civil rights of citizens of the United States." 28 U.S.C. § 1443(1). To remove a case under § 1443, the party need only assert that the case is removable "pursuant to" or "in accordance with or by reason of" § 1443. *BP P.L.C.*, 141 S. Ct. at 1538.

The exception to the exception applies here. Regardless of whether DeBoskey pleaded sufficient support to ultimately sustain his removal, his invocation of § 1443 is adequate to permit our review. The district court based its remand order on a lack of subject-matter jurisdiction, which in the ordinary course would divest us of appellate jurisdiction. *MSP Recovery Claims*, 995 F.3d at 1294. But DeBoskey's notice of removal referenced the language of § 1443, explicitly alleging that he "belong[ed] to a protected class" and that he was "denied and [could not] enforce in the courts of Hernando County Florida the equal rights." Notice of Removal at 1–3, Doc.

1. That's enough.  *See BP P.L.C.*, 141 S. Ct. at 1538.  We accordingly have jurisdiction to review the entire remand order.  *Id.*

## II

Generally, the party invoking federal jurisdiction has the burden of establishing Article III standing.  *Mack v. USAA Cas. Ins. Co.*, 994 F.3d 1353, 1356 (11th Cir. 2021).[2]  To establish Article III standing, a plaintiff must have (1) suffered an injury in fact, (2) that was caused by the defendant's alleged conduct, and (3) can likely be redressed by a favorable judicial decision.  *Mack*, 994 F.3d at 1356.  "When a case is removed from state to federal court and the plaintiffs do not have Article III standing in federal court, the district court's only option is to remand back to state court."  *Ladies Mem'l Ass'n v. City of Pensacola*, 34 F.4th 988, 994 (11th Cir. 2022).

We are not persuaded by DeBoskey's standing argument.  For starters, it makes little sense for DeBoskey—the party invoking federal-court jurisdiction—to accuse Red Stick of lacking Article III standing.  Were DeBoskey right, the remedy would be to remand this lawsuit to state court, *Ladies Mem'l Ass'n*, 34 F.4th at 994—precisely the outcome DeBoskey seeks to avoid.  In any event, Red Stick handily satisfies the elements of Article III standing.  The amended complaint alleged that Red Stick holds a mortgage and a note, that DeBoskey defaulted on his payments pursuant to the note, and that he owed Red Stick for the default.  The complaint

---

[2] We review de novo whether Article III standing exists.  *Mack*, 994 F.3d at 1356.

sought foreclosure and reformation of the mortgage, remedies that would obviously redress Red Stick's purported injury. So, there's no Article III standing defect.

## III

A case removed from state to federal district court "shall be remanded" if the district court lacks subject-matter jurisdiction. 28 U.S.C. § 1447(c).[3] Only civil actions for which federal district courts "have original jurisdiction" may be removed from state to federal court. *Id.* § 1441(a); *see Caterpillar Inc. v. Williams*, 482 U.S. 386, 393 (1987) (interpreting § 1441 "to authorize removal only where original federal jurisdiction exists"). District courts have original diversity jurisdiction over civil actions where the amount in controversy exceeds $75,000 and the action is between citizens of a different state. 28 U.S.C. § 1332. Diversity jurisdiction requires complete diversity of citizenship between every plaintiff and every defendant. *Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir. 1998). In general, the removing party bears the burden of establishing the parties' citizenship. *Rolling Greens MHP, L.P. v. Comcast SCH Holdings, L.L.C.*, 374 F.3d 1020, 1022 (11th Cir. 2004).

---

[3] We review de novo issues of removal jurisdiction. *Henson v. Ciba-Geigy Corp.*, 261 F.3d 1065, 1068 (11th Cir. 2001). We review jurisdictional factual findings, like a party's citizenship, for clear error. *Dudley v. Eli Lilly & Co.*, 778 F.3d 909, 911 (11th Cir. 2014). Clear error is highly deferential and requires us to uphold the district court's factual determinations so long as they are plausible in light of the record viewed in its entirety. *Carmichael v. Kellogg, Brown & Root Servs.*, 572 F.3d 1271, 1280 (11th Cir. 2009).

Determining whether complete diversity exists here is tricky because Red Stick is a limited liability company. For diversity purposes, an LLC is a citizen in every state in which any of its members are citizens. *Mallory & Evans Contractors & Eng'rs, Inc. v. Tuskegee Univ.*, 663 F.3d 1304, 1305 (11th Cir. 2011). Generally, to sufficiently allege the citizenships of an LLC, a party must list the citizenships of each member of the LLC. *Id.* It's not enough for a notice of removal to simply identify where the LLC was created or the location of its principal place of business. *Id.*; *Rolling Greens MHP, L.P.*, 374 F.3d at 1022. A party has a "qualified right to jurisdictional discovery" when the facts going to the merits and the district court's jurisdiction are "intertwined and genuinely in dispute." *ACLU of Fla., Inc. v. City of Sarasota*, 859 F.3d 1337, 1340-41 (11th Cir. 2017) (citation and quotation marks omitted). Still, district courts may properly deny "requests" for jurisdictional discovery when a party "buried such requests in its briefs," rather than presenting them in a motion. *United Techs. Corp. v. Mazer*, 556 F.3d 1260, 1280–81 (11th Cir. 2009).

DeBoskey didn't carry his burden of demonstrating complete diversity between the parties. DeBoskey himself is a Florida citizen, and so he needed to show that Red Stick had zero Florida-citizen members. But he never listed either Red Stick's membership, or the citizenship of those members, and it wasn't clear error for the district court to find that none of the documents that he offered plausibly showed that Red Stick had zero Florida-citizen members. DeBoskey protests that the district court should have ordered jurisdictional discovery. But he never moved for jurisdic-

24-12314                Opinion of the Court                    7

tional discovery (instead, he buried a reference to jurisdictional discovery in a response), and the district court had no obligation to order such discovery sua sponte. *See ACLU of Fla., Inc.*, 859 F.3d at 1340-41; *Mazer*, 556 F.3d at 1280-81.

DeBoskey also argues that Red Stick isn't the real party to the controversy, and so its membership is irrelevant. It's true that when analyzing diversity, federal courts must consider only the citizenship of real parties to the controversy, not nominal parties. *Thermoset Corp. v. Bldg. Materials Corp. of Am.*, 849 F.3d 1313, 1317 (11th Cir. 2017). We refer to the substantive law of the state to determine whether a party is a real and substantial party to the litigation. *See Broyles v. Bayless*, 878 F.2d 1400, 1402 (11th Cir. 1989). In Florida, "[a]n assignee of a mortgage and note assigned as collateral security is the real party in interest, holds legal title to the mortgage and the note, and is the proper party" to foreclose the mortgage. *Lawyers Title Ins. Co. v. Novastar Mortg., Inc.*, 862 So. 2d 793, 798 (Fla. 4th Dist. Ct. App. 2003). So, Red Stick is the real party to the controversy for diversity purposes. That's because—at least according to its pleadings—it holds the mortgage and note, establishing its legal right to seek foreclosure under Florida law. The district court therefore didn't err in concluding that there wasn't complete diversity between the parties.[4]

---

[4] In the district court, DeBoskey suggested that jurisdiction might exist under § 1443 or § 1331. On appeal, DeBoskey has abandoned this alternative jurisdictional path by failing to advance any arguments in support of it. *Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008) (rejecting a possible "independent

## IV

For the foregoing reasons, we hold that we have jurisdiction over this appeal, that Red Stick has Article III standing, and that the district court did not err in remanding the case to state court for lack of subject-matter jurisdiction.

**AFFIRMED.**

---

basis for federal subject-matter jurisdiction" because "issues not briefed on appeal by a *pro se* litigant are deemed abandoned").