**NOT FOR PUBLICATION**

In the

United States Court of Appeals

For the Eleventh Circuit

_____

No. 24-13491

Non-Argument Calendar

_____

U.S. BANK NATIONAL ASSOCIATION,
AS TRUSTEE UNDER THE POOLING AND,
SERVICING AGREEMENT DATED AS OF,
APRIL 1, 2002, MORGAN STANLEY DEAN,
WITTER CAPITAL I INC TRUST 2002-NC2,

*Plaintiff-Appellee,*

*versus*

DAVID WARREN GALVIN, JR.,
    Husband and Wife et al.,
SUSAN E. GALVIN,

*Defendants-Appellants.*

_____

Appeal from the United States District Court
for the Northern District of Florida
D.C. Docket No. 3:24-cv-00361-TKW-ZCB

_____

2                    Opinion of the Court                24-13491

Before BRANCH, KIDD, and ANDERSON, Circuit Judges.

PER CURIAM:

For over a decade, U.S. Bank National Association has been in the process of foreclosing on David and Susan Galvin's property. In their most recent effort to challenge this action, the Galvins attempted to remove U.S. Bank's state court foreclosure proceeding to the United States District Court for the Northern District of Florida. However, the district court remanded the case and awarded U.S. Bank attorney fees. The Galvins now appeal and challenge these rulings. After careful review, we affirm.

## I. BACKGROUND

In 2012, U.S. Bank filed a complaint in Florida state court instituting foreclosure proceedings against the Galvins after they defaulted on their mortgage. On February 23, 2015, a state court entered final judgment authorizing the foreclosure sale of the Galvins' house at public auction. The sale was scheduled for March 27, 2015.

However, just one day before the scheduled sale, the Galvins filed their first of several federal bankruptcy cases. Over the next ten years, the Galvins engaged in extensive litigation to delay or stop the foreclosure sale, including filing six additional bankruptcy cases and attempting to remove U.S. Bank's state case to federal court. In 2023, the Galvins filed a notice in state court claiming that they made multiple tenders of full payment on the subject property so they had discharged the amount owed under the February 2015 final judgment. Thereafter, on June 28, 2024, the court

entered an amended final judgment increasing the total amount due to U.S. Bank and scheduling the foreclosure sale for August 6, 2024.

But again, just one day before the scheduled sale, the Galvins made their second attempt to remove U.S. Bank's state foreclosure action to federal court by filing the instant pro se notice of removal, citing the Civil Rights Act of 1866 and Public Law 88-234 as their bases for invoking federal jurisdiction. U.S. Bank moved to remand, arguing, in relevant part, that the Galvins' notice of removal was untimely.

The district court granted the motion. As relevant here, the court found that the Galvins' notice of removal was untimely because it was filed nearly twelve years after U.S. Bank served its foreclosure complaint, and the Galvins failed to identify any subsequent document that could serve as a basis for removal. The court also awarded attorney fees to U.S. Bank, noting that, although it did not specifically request this relief in its motion, it "did ask the [c]ourt to 'order any further relief [it] deem[ed] just and proper.'" The court determined that the timing of the notice of removal showed that the Galvins were deliberately attempting to delay the foreclosure sale, as they had done in the past.

The district court further noted that, because the Galvins had made prior unsuccessful attempts to litigate these proceedings in federal court "they knew or should have known that there was no legal basis for them to remove this case to" federal court. It also warned that the Galvins would be subject to future additional

sanctions "if they again tr[ied] to interject th[e] [c]ourt into the fore-closure action—or anything related to it." This appeal followed.

## II. STANDARD OF REVIEW

"Whether the district court had removal jurisdiction is a question we review de novo." *Henson v. Ciba-Geigy Corp.*, 261 F.3d 1065, 1068 (11th Cir. 2001), *aff'd sub nom. Syngenta Crop Prot., Inc. v. Henson*, 537 U.S. 28 (2002). A district court's decision to award attorney fees under 28 U.S.C. § 1447(c) is reviewed under an abuse of discretion standard. *MSP Recovery Claims, Series LLC v. Hanover Ins. Co.*, 995 F.3d 1289, 1296 (11th Cir. 2021).

## III. DISCUSSION

### A. *The Galvins' Notice of Removal Was Untimely*

A state-court defendant may remove a claim to federal court "if the case could have been filed in federal court originally." *Hill v. BellSouth Telecomms., Inc.*, 364 F.3d 1308, 1314 (11th Cir. 2004); *see* 28 U.S.C. § 1441(a). "[D]istrict courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

Generally, a defendant must file a notice of removal within 30 days of receiving the initial pleading or within 30 days of being served the summons, whichever period is shorter. 28 U.S.C. § 1446(b)(1). Here, the Galvins filed their notice of removal over a decade after U.S. Bank filed its 2012 complaint in state court. Thus, their notice of removal was untimely unless they filed it within 30 days of receiving "a copy of an amended pleading, motion, order

or other paper from which [they could] first . . . ascertain[] that the case [was] one which [was] or ha[d] become removable." *Id.* § 1446(b)(3). The Galvins have failed to identify any such document.

The last filing reflected in the record was an amended final judgment entered by the state court on June 28, 2024, 38 days before the Galvins filed their notice of removal, and this state court filing was made nunc pro tunc to the 2015 final judgment. Even if this amended final judgment can be construed as a paper from which the Galvins could first ascertain the removability of their case, they still filed their notice eight days too late. *Id.*

Although the Galvins assert on appeal that § 1446 is inapplicable and that Congress did not intend for the 30-day removal timeframe to apply to claims brought under the Civil Rights Act, their contention is without legal support. They cite *The Mayor v. Cooper* and *Martin v. Hunter's Lessee* to support their argument, but neither of these cases are directly relevant to the issues present in this case. *See* 73 U.S. 247 (1867) (reversing dismissal of a case due to a court's incorrect determination that the removal statute was unconstitutional); 14 U.S. 304 (1816) (holding that the U.S. Constitution grants the Supreme Court the power to review certain state court decisions).

Because the untimeliness of the Galvins' notice of removal provides an independent basis to affirm, we need not consider the lower court's alternative findings in support of its remand order or the parties' additional appellate arguments on similar issues. As

such, we affirm the district court's decision to remand U.S. Bank's foreclosure action against the Galvins to state court.

B. *The District Court Did Not Abuse Its Discretion in Awarding U.S. Bank Attorney Fees*

The Galvins next argue that the district court's award of attorney fees to U.S. Bank violated their due process rights, as they were denied the opportunity to be heard on the matter. They also maintain that § 1447(c) is inapplicable to their case but contend that the district court's award of attorney fees without a motion from U.S. Bank was an abuse of discretion under that section. We disagree.

A district court may award attorney fees if a party "frivolously removes a case from state court." *BP P.L.C. v. Mayor of Baltimore*, 141 S. Ct. 1532, 1542 (2021); *see* 28 U.S.C. § 1447(c). In this case, the Galvins not only failed to comply with the statutory timeframe for removal, but also pursued the instant case despite being on notice, by virtue of a previous federal court case, that any removal attempt would be untimely. *See U.S. Bank Nat'l Ass'n v. Galvin*, No. 3:16-cv-00395 (N.D. Fla. Jan. 6, 2017); *cf. United States v. Morse*, 532 F.3d 1130, 1133 (11th Cir. 2008) (granting motion for sanctions under Federal Rule of Appellate Procedure 38 where pro se litigant had previously been warned about raising his frivolous arguments).

Further, the Galvins' litigation history and the timing of their instant notice—just one day before the scheduled foreclosure sale—indicates that they "lacked an objectively reasonable basis for

seeking removal" and sought to further delay the resolution of a decades long dispute over the subject property. *MSP Recovery Claims*, 995 F.3d at 1296 (citation modified); *see Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 140 (2005) ("The appropriate test for awarding fees under § 1447(c) should recognize the desire to deter removals sought for the purpose of prolonging litigation . . . while not undermining Congress' basic decision to afford defendants a right to remove as a general matter . . . ."). The language of § 1447 also does not require that a sanctioned party be given an opportunity to challenge whether an award of attorney fees is appropriate upon a motion from an aggrieved party, nor have the Galvins pointed to any binding precedent suggesting such. *Compare* 28 U.S.C. § 1447(c) ("An order remanding the case may require payment of . . . attorney fees, incurred as a result of the removal."), *with* Fed. R. Civ. P. 11(c) (requiring that a party receive "notice and a reasonable opportunity to respond" before the court may impose sanctions under Rule 11(b)).

In sum, "the abuse of discretion standard allows for a range of choice for the district court, so long as that choice does not constitute a clear error of judgment." *MSP Recovery Claims*, 995 F.3d at 1296 (citation modified). Because § 1447(c) is meant to dissuade frivolous removal attempts such as that pursued by the Galvins, we find no abuse of discretion in the district court's award of attorney fees to U.S. Bank.

## IV. CONCLUSION

We **AFFIRM** the district court's order remanding the foreclosure proceedings to state court and awarding U.S. Bank attorney fees.